BLANCHE, Judge.
Defendant, Department of Highways, has appealed the judgment of the trial court which found it in contempt of court for violating an injunction, awarded $500 damages to the plaintiff and $22 in court costs. Plaintiff, Jasper K. Wright, Jr., answered the appeal and asked that the damages be increased to $5,000, that the amended judgment be affirmed and that the Department of Highways be made to pay the legal costs in the trial court and in this appeal.
The Department started to erect an aerial bridge over Concord Street in Houma, Louisiana. Plaintiff, whose ancestor in title had granted a servitude for Concord *636 Street, filed a petition to be maintained in possession of the property and to enjoin the Department from disturbance of his possession by removing the bridge. The Department took the position that since the servitude for the street had been granted it had the right to build an overhead bridge in the air space above the ground. The trial court agreed with the Department and denied the injunction. The matter was appealed de-volutively to this Court which agreed with the plaintiff and rendered the following judgment:
“ * * * [T]here is judgment for the plaintiff enjoining the defendant from the disturbance of plaintiff’s possession, such injunction to remain in effect until such time as the defendant institutes expropriation proceedings for acquisition of the additional servitude necessary for the proposed uses. * * * ” (Wright v. Department of Highways of the State of Louisiana, 342 So.2d 230, 232 [La.App. 1st Cir. 1976], writ denied, 343 So.2d 1075 [La.1977]
After the Supreme Court denied writs, plaintiff filed a rule to show cause why the Department should not be held in contempt for violating the injunction and asked for $50,000 in damages up to the date of filing the rule, plus $1,000 per day for each day which the bridge remained above Concord Street.
The judgment rendered by the trial court on the rule to show cause is before us on appeal, and we consider whether the Department was in constructive contempt of our judgment.
LSA-C.C.P. art. 2251 provides:
“A judgment can be executed only by a trial court.
“A party seeking to execute a judgment of an appellate court must first file a certified copy with the clerk of the trial court. This filing may be made without prior notice to the adverse party."
Our judgment was not filed in the district court until May 6,1977, more than a month after our decision became final on April 1, 1977. Therefore, there could not have been any semblance of an injunction in effect prior to that time because the judgment of the trial court, which had been devolutively appealed to this court, denied the injunction and our judgment had not been made executory. Two weeks and three days later, on May 23,1977, our judgment was complied with when the Department filed a supplemental petition taking the property it was ordered to take by our judgment. Thus, it may be said that although our judgment became final on April 1, 1977, it was not made executory in the trial court until May 6, 1977, and compliance by the Department with the same on May 23, 1977, was reasonable in our view.
The Department also argues that the judgment does not comply with LSA-C.C.P. art. 3605, which provides, in pertinent part, as follows:
“An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. * * ”
We agree. Nowhere in the judgment does there appear a description in reasonable detail of those acts which are to be enjoined. A court order granting a final injunction “shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained.” LSA-C.C.P. art. 3605. Disobedience of a preliminary or final injunction is punishable as a contempt of court under the provisions of LSA-C.C.P. art. 3611. The object and purpose of a contempt proceeding is to vindicate the authority and dignity of the court;' accordingly any disobedience of its orders should be willful. LSA-C.C.P. art. 224.
Applying the foregoing rules to the case at hand, we find that not only did the court order lack specificity but there is no showing of willful or contumacious behavior to disobey it.
For the above and foregoing reasons, the judgment of the district court is reversed, and judgment is rendered in favor of the *637 defendant, Department of Highways, dismissing the rule. The plaintiff is to pay all costs of court.
REVERSED AND RENDERED.