421 So.2d 366 (1982)
Richard E. NELSON
v.
Barbara Groves NELSON.
No. 15102.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*367 Leslie D. Ligon, Jr., Clinton, for plaintiff-appellee.
Thomas K. Kirkpatrick, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an appeal from a judgment finding Barbara Groves Nelson in contempt of Court for failure to comply with an injunction. Appellant, Barbara Groves Nelson, and appellee, Richard E. Nelson, were divorced on March 30, 1981. After the termination of the marriage, Mr. Nelson remained in the family home, while Mrs. Nelson resided elsewhere. Pending a partition of the community, a preliminary injunction was issued restraining and enjoining both parties from disposing of, alienating or removing any and all community property from the present location, and further from threatening or harassing each other. The injunction was issued without evidence other than a stipulation signed by counsel for both parties.
The former husband proceeded by rule to have the former wife held in contempt of court for allegedly removing community property from their former house and also allegedly harassing the former husband. The trial court found Mrs. Nelson in contempt based upon the following stipulation of fact entered into by the respective counsel for Mr. Nelson and Mrs. Nelson:
"... the defendant Barbara Major did enter the community residence on or about July 27, 1981, July 29, 1981, and August 3, 1981 and that she did not have *368 a key and broke a bit of glass each time and she did remove certain property. The determination of whether that property is community property or separate property is yet to be decided."
This stipulation is the only evidence of record upon which the trial court based its findings of contempt.
The trial court sentenced Mrs. Nelson to five days imprisonment in the parish jail. The sentence was suspended upon the condition that Mrs. Nelson pay all costs of Court, make restitution to her former husband for repairs of damage to the residence and account to her former husband for items that she removed from the residence.
In order to uphold the authority of the court, a judge has the power to punish for contempt of court. Article 221 of our Code of Civil Procedure describes contempt as follows:
"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.
"Contempts of court are of two kinds, direct and constructive."
In the present case there was clearly no direct contempt involved. LSA-C.C.P. art. 222. A person may not be adjudged guilty of a contempt of court except for misconduct defined as such expressly by law. LSA-C.C.P. art. 227. Therefore, any contumacious behavior on the part of the defendant must fall within those acts constituting constructive contempt and set forth in LSA-C.C.P. 224. Among the enumerated acts constituting constructive contempt is a "wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." LSA-C.C.P. 224(2). This is the applicable statutory provision, and the issue involved is whether or not the plaintiff has proved that the defendant's conduct constituted a wilful disobedience of the trial court's order. Failing a finding that the defendant wilfully disobeyed the order, the court is without the power to punish for constructive contempt. Wright v. Department of Highways, 359 So.2d 635 (La.App. 1st Cir.1978); City of Monroe v. Evans, 385 So.2d 912 (La.App. 2d Cir.1980).
Wilful disobedience means an act or a failure to act that is done intentionally, knowingly and purposely, without justifiable excuse. New Orleans F.F. Ass'n. Loc. 632 v. City of New Orleans, 260 So.2d 779 (La.App. 4th Cir.1972). Therefore, to find the defendant guilty of contempt, we must find that she violated the orders of the court intentionally, knowingly and purposely, without justifiable excuse. The plaintiff has alleged two violations of the court's orders. One, that the defendant removed property from the former marital domicile contrary to the court's order prohibiting both parties from disposing of, alienating or removing any and all community property from the present location. Two, that the defendant entered the former marital domicile three times by breaking out panes of glass, thus harassing the plaintiff contrary to the court's order prohibiting both parties from threatening or harassing each other.
The plaintiff is alleging contempt, and, therefore, has the burden of proving it. One who asserts a fact must carry the burden of proof of that fact. Meyer v. State, Dept. of Public Safety Lic. Con., Etc., 312 So.2d 289 (La.1975). Other than the stipulation entered into by counsel for both parties, the plaintiff has presented no evidence of record to support his allegations of contempt on either of the two grounds.
We cannot find the defendant in contempt for violating the order prohibiting the removal of community property from the present location. The plaintiff did not show nor does the joint stipulation state that the property removed was community property. The strongest evidence presented to prove this contention was the statement in the joint stipulation that the classification of the property was yet to be determined. Before we can punish for contempt, there must be proof that the defendant disobeyed the court's mandate. There is no such proof in this case.
*369 To hold the defendant in contempt for violating the order prohibiting the parties from harassing each other, it must be proven that the defendant did in fact harass the plaintiff, and that she did so intentionally, knowingly and purposely, without justifiable excuse. Wright v. Department of Highways, supra; City of Monroe v. Evans, supra. The stipulation provides that the defendant entered the former marital domicile on three occasions: July 27, 1981, July 29, 1981, and August 3, 1981. She did not have a key, but gained entrance each time by breaking a pane of glass. These are the only facts upon which the plaintiff relies to show harassment. Certainly this is insufficient evidence of harassment upon which to base a finding of contempt. Perhaps if the defendant entered the home late at night, while the plaintiff was at home, or if other circumstances surrounding the entry indicated some sort of mischievous behavior on the part of the defendant, then a finding of harassment could be sustained. However, the record is void of any evidence other than the aforementioned stipulation. We do not know what time the defendant entered, nor do we know that the plaintiff was even at home. Furthermore, we cannot even tell from the record that there was ever any kind of order or agreement granting the plaintiff the exclusive right to occupy the premises. Therefore, in the absence of any further evidence, we cannot find that the defendant's entry into the residence on three occasions is sufficient to constitute harassment in violation of the injunction. Nor can we find any intent to harass. Based on the stipulation entered into by counsel for both parties, the only evidence of record, there is nothing to indicate defendant was entering the residence for the purpose of intentionally harassing the plaintiff, or for any other purpose other than to retrieve certain items of property.
Accordingly, on the basis of this record, we find no showing of wilful or contumacious behavior to disobey any lawful judgment, order, mandate, writ or process of the court.
For the above and foregoing reasons, the judgment of the district court is reversed, and judgment is rendered in favor of the defendant, Barbara Groves Nelson, dismissing the rule. The plaintiff is to pay all costs of court.
REVERSED.
SHORTESS, Judge, concurring.
As aptly stated by Judge Watkins, the record herein contains only a very limited stipulation of facts, which cannot justify a finding of contempt. In no way do I sanction or condone the forcible entry into a community dwelling. However, there is nothing in the record before us to indicate whether the parties had any type of agreement as to the occupancy of the home in question. The paucity of evidence, as to the circumstances surrounding appellant's entry into the home and the character of the property removed therefrom, supports our reversal of this contempt judgment. No doubt, the trial judge was privy to facts peripheral to the stipulation; however, a reviewing court may only look to the record as lodged in reaching its decision.
Accordingly, I concur.