442 So.2d 563 (1983)
John Winston RILEY
v.
Thomas PENNIX.
No. 83-CA-0111.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*564 Allen A. Parr, New Orleans, for plaintiff.
William J. Knight, Franklinton, for defendant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Defendant suspensively appeals a judgment finding him in contempt for wilful noncompliance with a previously rendered consent judgment, ordering him arrested and imprisoned until such time as he complies with the judgment, and assessing him costs and attorney fees. We reverse.
The contempt proceeding arose out of plaintiff's suit for dissolution of a partnership agreement allegedly breached by defendant's misappropriation of certain partnership assets and funds.
On June 25, 1982, the parties, through counsel, entered into a consent judgment dissolving the partnership. The judgment awarded plaintiff $1,382.82 as equity for his partnership interest, and granted defendant the exclusive right to continue the business under the partnership's former trade name. An additional condition of the judgment, among others, was for defendant to relieve plaintiff of any further liability on a $10,000.00 loan to the partnership by novating the promissory note held by the lender, First State Bank and Trust Company, within ten days of the signing of the judgment. The judgment was signed on July 22, 1982.
Defendant had not novated the note by the tenth day, August 1, 1982. On August 13, plaintiff filed a rule to show cause why defendant should not be held in contempt for wilfully failing to comply with the terms of the consent judgment. The sheriff for Washington Parish served a copy of the rule on defendant's attorney on August 19, 1982, but was unable to locate the defendant for service. The sheriff's return dated September 7, 1982, indicates that the defendant's house was vacant. The hearing on the rule, originally scheduled for September 17, 1982, was reset for October 29, 1982.
Neither party personally appeared at the hearing. Plaintiff's counsel motioned for the issuance of an arrest warrant to bring defendant before the court to explain his failure to novate the loan, and alternatively, for a finding of contempt. When questioned by the court why defendant had failed to novate the loan, defendant's counsel explained that defendant had complied with all terms of the judgment except the novation. He further explained that he had been unable to locate the defendant since he was served with the rule on August 19. He had contacted several of defendant's relatives, including his grandfather-in-law *565 and brother-in-law, and sent several letters, since returned, to defendant's address in Washington Parish in a fruitless attempt to find him. Defendant's counsel was still unaware at the hearing of defendant's whereabouts, although he stated that he had received on the previous afternoon a possible address for defendant in Gretna, Louisiana.
The trial court found defendant in contempt of court and ordered him arrested and remanded to the custody of the Washington Parish sheriff to remain there until such time as he complied with the judgment. The court additionally assessed defendant with costs of the proceeding and attorney fees. From this finding of contempt, defendant appeals.
The principal issue on appeal is whether plaintiff-in-rule proved that defendant's disobedience of, or failure to comply with, the consent judgment was wilful.
According to article 227 of the Louisiana Code of Civil Procedure, a person may be found guilty of contempt only for misconduct defined as such or made punishable as such expressly by law. Although article 226 empowers the court generally to punish by imprisonment contempts of court consisting of omissions to perform acts yet within the power of the offender to perform, article 227, consistent with Article V, section 2 of the Louisiana Constitution,[1] limits the punishments a court may impose for findings of contempt to those penalty provisions contained in LSA-R.S. 13:4611.
Wilful disobedience of a lawful judgment is one of the enumerated acts in article 224 constituting constructive contempt, one of two kinds of contempt specifically defined in our Code of Civil Procedure. LSA-C.C.P. art. 224(2). Such disobedience is expressly punishable under subsection 3 of LSA-R.S. 13:4611(A).[2]See Wall v. Wall, 230 So.2d 420, 424 (La.App. 1st Cir.1969). However, the plaintiff has the burden of proving wilful disobedience. Failing such proof, the court is without power to punish for constructive contempt. Nelson v. Nelson, 421 So.2d 366, 368 (La. App. 1st Cir.1982).
We have defined wilful disobedience as "an act or failure to act that is done intentionally, knowingly and purposely, without justifiable excuse." Nelson, 421 So.2d at 368. At the hearing, plaintiff formally introduced neither testimonial nor documentary evidence tending to prove the alleged fact of defendant's wilful disobedience. Plaintiff cannot rely on the colloquy between defendant's counsel and the court as proof of defendant's intent, knowledge or purpose since it is not technically evidence.[3] In any event, defendant's unexplained absence does not "prove" anything except his unexplained absence. The finding of wilful disobedience on the basis of a total absence of proof is clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); cf. Reid v. Allstate Insurance Co., 407 So.2d 34 (La.App. 3rd Cir.1981).
The object and purpose of contempt proceedings is to vindicate the authority and dignity of the court. It is not designed for the benefit of the litigants, even though the infliction of punishment for contempt may inure to the benefit of the mover in the contempt rule.
*566 Although defendant's failure to novate the loan tended to frustrate the plaintiff, we do not think that his actions or omissions impaired the dignity and authority of the court, especially when he fulfilled all other terms in the judgment. See Nelson, 421 So.2d 366.
Since we find no showing of wilful behavior to disobey the lawful judgment or order of the court, we reverse the trial court and set aside the contempt finding and the award of attorney fees. All costs of these proceedings are assessed against the appellee.
REVERSED.
NOTES
[1] LSA-Const. Art. V, sec. 2, provides in pertinent part: "The power to punish for contempt of court shall be limited by law." See generally the Official Revision Comments under LSA-C. C.P. art. 227.
[2] LSA-R.S. 13:4611(A) provides in pertinent part:

(A) The supreme court, the courts of appeal, the district courts, family courts and city courts may punish a person adjudged guilty of contempt of court therein, as follows:
* * * * * *
(3) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act ....
[3] In Realty Mart, Inc. v. Louisiana Bd. of Tax Appeals, 336 So.2d 52, 54 (La.App. 1st Cir.1976), we defined "evidence" as "testimony and matter which has actually been presented at trial." In Realty, we held that propounded written interrogatories to the plaintiff do not become evidence until introduced as such at trial on the matter.