WICKER, Judge.
The plaintiff (mother) in this domestic relations proceeding appeals a judgment on consolidated rules for contempt, for arrear-ages, for wage assignment, for change of custody, and for increase in child support. We affirm.
Plaintiff/appellant, Cheryl Boudreaux (Cheryl), and defendant/appellee, Thomas Boudreaux (Thomas), Cheryl’s ex-husband, have frequently come to court for the resolution of issues concerning their minor *103 child, Jessica. The parties physically separated in 1976, when Jessica was only two years old. The trial court awarded child support and alimony pendente lite in the amounts of $250.00 per month, respectively, on January 28, 1977. These amounts were reduced by consent judgment to $25.00 per week each on March 28, 1977. The judgments of separation and divorce awarded Cheryl custody of Jessica and Thomas reasonable visitation rights. The divorce judgment of November 14, 1979, eliminated alimony but increased child support to $50.00 per week.
Thomas and Cheryl filed rules for visitation and arrearages in 1980, hut these were never heard. In 1981, in response to another visitation rule, the court established a visitation schedule alternating specific holidays and weekends.
Cheryl brought criminal non-support and U.R.E.S.A. complaints in 1979 and 1985. As a result, Thomas made his child support payments through the Juvenile Court.
Thomas obtained an ex parte order of specific visitation for Christmas 1985, alleging interference with his visitation by Cheryl. Cheryl did not turn Jessica over to Thomas on Christmas morning, as ordered.
Cheryl’s rules for contempt, arrearages, wage assignment, and increase in child support were combined with Thomas’ rules for contempt and change of custody for trial. Following two days of testimony, the trial judge found both parties in contempt but withheld sanctions, ordered joint custody continuing the physical custody in Cheryl but with specific and extended visitation to Thomas, refused to increase the child support, assign Thomas’ wages, or order Thomas to pay out-of-pocket medical expenses for Jessica, and awarded arrearag-es. The arrearages have since been settled between the parties.
Cheryl complains that the trial judge abused his discretion in denying an increase in child support, in requiring Thomas to provide only claim forms for medical coverage and not out-of-pocket expenses, in changing custody from sole custody in her to joint custody, in holding her in contempt of court, and in deciding that the parties had previously agreed to reduce child support to $200.00 per month rather than $50.00 per week.
CHILD SUPPORT
The arrearages claimed by Cheryl have been compromised by the parties, rendering any consideration of them moot. However, there was a serious conflict in testimony concerning the matter of an agreement between Thomas and Cheryl to reduce the $50.00 per week judgment to $200.00 per month. Thomas admits in brief that any such agreement has since been revoked by Cheryl and that he is willing to continue paying $50.00 per week in child support. Accordingly, the issue of voluntary modification is also moot.
Cheryl alleged expenses of $945.00 per month for Jessica’s support. Her proof fell woefully short of her allegations, however. At the time of trial, she had had no housing or utility expenses for several months, no receipts or cancelled checks for food, no medical expenses for several months, no present expenses for either private school or day care (although these were both included in her expense list), and only $20.00 per month for transportation (although she alleged $80.00). The fixed obligations alleged were actually debts of Cheryl’s live-in boyfriend. Other alleged expenses, of $15.00 per month for clothing, $7.50 for medicine, $5.00 for laundry and cleaning, and $20.00 for personal grooming, seem eminently reasonable. On the other hand, $150.00 per month in miscellaneous expenses for movies and meals out for an 11-year-old child seem unreasonable. We find that, at the time of the rule, Cheryl proved no more than $200.00 in expenses per month directly attributable to Jessica. The trial judge did not abuse his discretion in determining that Jessica’s expenses had not increased between the original award of support and the date of the rule. Furthermore, Cheryl testified that she had found work, as had her live-in boyfriend; *104 and we conclude that Cheryl will be able as a consequence to defray at least some of Jessica’s expenses. Of course, since support is a matter which is subject to modification at any time, Cheryl is free to ask again for an increase if circumstances so warrant. Ducote v. Ducote, 339 So.2d 835 (La.1976).
MEDICAL EXPENSES
Jessica is covered under the medical insurance carried by Thomas’ second wife, Monique, the premiums of which are deducted from Monique’s salary. The judgment appealed from orders Thomas to maintain medical, hospitalization and dental insurance on Jessica and to provide proof of insurance and medical forms when needed. It further orders that Cheryl is to be responsible for the non-covered medical expenses. This seems to be a reasonable apportioning of responsibility for Jessica’s health care, and we find no abuse of the trial court’s much discretion in this matter.
CUSTODY
Cheryl complains that the trial judge ordered joint custody of Jessica. She did, however, pray that custody of Jessica be awarded jointly, with the very kind of liberal holiday, weekend, and summer schedule established by the trial judge. We do not see that the court abused its discretion in dividing custody between the two parents, both of whom seem to sincerely want Jessica. C.C. art. 146; Everett v. Everett, 433 So.2d 705 (La.1983).
CONTEMPT
Cheryl complains that the trial judge erred in finding her in contempt for refusing Thomas’ Christmas visitation. She did, however, testify to her own deliberate refusal to comply with the courts’ order. Trial courts have the authority to enforce their orders of support and visitation, and we see no abuse of discretion in the trial courts’ ruling on this issue. Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir.1984); Ferry v. Ferry, 444 So.2d 797 (La.App. 3rd Cir.1984).

AFFIRMED.