535 So.2d 515 (1988)
Patrick N. PEARSON, Plaintiff-Appellant,
v.
The MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD FOR the CITY OF SHREVEPORT, Louisiana, Defendant-Appellee.
No. 20202-CA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
Rehearing and Motion to Dismiss Denied January 12, 1989.
Writ Denied March 10, 1989.
Burt & Burt by E. Daniel Burt, Jr., Shreveport, for plaintiff/appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William M. Cady, Asst. Atty. Gen., Shreveport, for defendant/appellee.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
This is a contempt proceeding. The plaintiff, Patrick N. Pearson, appeals a judgment rejecting his demands against the defendant, The Municipal Fire and Police Civil Service Board for the City of Shreveport, dismissing the Board from the suit, converting his action to an appeal of the Board's action, and allowing him thirty days to amend to have the City of Shreveport a party to the suit. We reverse and render in part and remand.
The central issue in this matter is whether the Board is in contempt of court for the violation of the judgment rendered in an earlier mandamus action. This matter arises from the facts set out below.
Appellant, Patrick N. Pearson, was employed as a lieutenant in the Shreveport Police Department. On January 19, 1987, Pearson submitted, under pressure from superiors, a request to retire effective March 3, 1987. His request was approved by the Chief of Police on February 18, 1987.
On February 20, 1987, Pearson wrote a letter attempting to withdraw his retirement. On April 28, 1987, Pearson was notified he would not be re-employed. On May 13, 1987, Pearson filed with the defendant a request for a hearing and investigation. See LSA-R.S. 33:2501(A).[1]
The Board declined to hold the requested hearing finding it lacked jurisdiction and that a hearing would not be in the public interest. Pearson responded with a mandamus action against the Board demanding *516 that it be ordered to conduct a hearing and investigation of the matter.
The district court ruled in plaintiff's favor in the mandamus action. The Board moved for a new trial and the district judge denied the motion in written reasons which included the following:
The Civil Service Board took the position that he had resigned, while the Retirement Board was taking the position that he had withdrawn his resignation, so both of them declined any jurisdiction in the matter. This Court, therefore, ordered a hearing by the Civil Service Commission [sic] to determine whether the Chief of Police was within his right to dismiss Lieutenant Pearson. [emphasis added]
On September 29, 1987, the district judge signed a judgment which stated:
IT IS ORDERED, ADJUDGED AND DECREED that the Writ of Mandamus be made peremptory and that petitioner, Patrick N. Pearson, be granted the requested hearing in this matter by the Municipal Fire and Police Civil Service Board for the City of Shreveport.[2]
Notice of judgment was sent to the Board through its counsel. The Board did not appeal and the mandamus judgment became final.
On December 9, 1987, Pearson filed this rule for contempt alleging the Board had failed to hold the hearing ordered in the mandamus judgment. On December 22, 1987, the Board met to consider Pearson's case but found it to be an untimely appeal and dismissed it without considering the merits. Pearson then amended his rule to allege the Board refused to hold the hearing after scheduling it for December 22, 1987.
The contempt rule was tried before a different district judge than heard the mandamus action. The only evidence was two joint exhibits. The first is a transcript of the Board's December 22, 1987, meeting and the second is the minutes of several of the Board's meetings.
The district judge found the December 22, 1987, meeting of the Board complied with the mandamus judgment and that the Board was not in contempt of court. He further found Pearson's proper remedy was by appeal of the Board's decision and he dismissed the Board from the suit and allowed Pearson thirty days to make the City a party defendant and amend his pleadings to convert this matter to an appeal of the Board's decision. Pearson appeals.
The contempt of court alleged here is not a direct contempt of court. LSA-C.C.P. art. 222. Therefore, it is a constructive contempt upon which the plaintiff has the burden of proof. LSA-C.C.P. art. 224; Ferry v. Ferry, 444 So.2d 797 (La.App. 3d Cir.1984).
The alleged contempt falls within the scope of LSA-C.C.P. art. 224(2) which provides, "Wilful disobedience of any lawful judgment, order, mandate, writ or process of the court" constitutes a constructive contempt of court. "Wilful disobedience" means an act or failure to act that is done intentionally, knowingly and purposely without justifiable excuse. Nelson v. Nelson, 421 So.2d 366 (La.App. 1st Cir.1982); Riley v. Pennix, 442 So.2d 563 (La.App. 1st Cir.1983); Ferry v. Ferry, supra.
Thus, it was Pearson's burden to prove the Board failed to hold the hearing required by the mandamus judgment and that its failure to do so was intentional, knowing and purposeful and without justifiable excuse. In our review of this matter we may not disturb the district judge's conclusion that there was no contempt unless it is clearly wrong. Virgil v. American Guar. & Liability Ins., 507 So.2d 825 (La.1987).
The district judge's rejection of plaintiff's demands on the contempt issue was based upon his finding that the Board's meeting on December 22, 1987, complied with the mandamus judgment. This finding was clearly wrong.
*517 The mandamus judgment ordered the Board to hold the "requested hearing." The reasons for judgment in connection with the motion for new trial in the mandamus proceeding show that the district judge rejected the Board's attempts to avoid the hearing on questions of jurisdiction and ordered a hearing to determine the right of the Chief of Police to discharge Pearson. Inherent in the trial court's determination that the Board was required to hold a hearing as requested by the plaintiff was a determination made pursuant to the mandamus hearing that the Board had jurisdiction to hold the hearing ordered.
The Board clearly failed to comply with this judgment. The Board met and dismissed the matter on jurisdictional grounds without holding any hearing in contravention of the final judgment of the district court ordering it to hold the "requested hearing."
We now consider whether the Board's disobedience to the judgment of the district court was intentional, knowing and purposeful. The evidence shows that the Board's action in violating the order was intentional, knowing and purposeful in that the Board took this action by unanimous vote after a closed discussion of the case. The Board's action in dismissing Pearson's case without a hearing was intentional, knowing and purposeful. The Board had been provided notice of the judgment through its counsel and at the meeting the attorney for the City of Shreveport attempted to draw the Board's attention to the effect of the mandamus judgment only to be rebuffed by the Chairman of the Board.
The evidence shows the Board's action was based on its desire to adhere to its interpretation of the law that it has no jurisdiction, despite the judgment of the court to the contrary, rather than on any justifiable excuse.
The evidence shows the district judge was clearly wrong in failing to find the Board in contempt of court. For that reason we reverse the judgment of the district court and hold the defendant in contempt of court.
However, we decline to impose punishment for this contempt of court at this time in hopes that the Board will purge itself of this contempt if given the opportunity to do so. For that reason, we remand this matter to the district court and allow the defendant sixty days to purge itself of this contempt by complying with the mandamus judgment. If the Board fails to comply and thereby purge itself of this contempt the plaintiff may apply to the district court to fashion the appropriate penalty for defendant's contempt of court.
We reverse the judgment of the district court, render judgment as set out below and remand this matter to the district court for further proceedings not inconsistent with the views expressed herein.
IT IS ORDERED, ADJUDGED AND DECREED that the defendant, The Municipal Fire and Police Civil Service Board for the City of Shreveport, is held in contempt of court.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant be, and is hereby, granted sixty (60) days to purge itself of this contempt. In default of compliance with the judgment within that delay the plaintiff may apply to the district court to impose contempt penalties.
REVERSED, RENDERED IN PART AND REMANDED.

ON APPLICATION FOR REHEARING
Before MARVIN, JASPER E. JONES, SEXTON, HALL and FRED W. JONES, JJ.
Rehearing denied.
NOTES
[1] § 2501. Appeal by employees to the board

A. Any regular employee to the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
[2] The prayer in the mandamus proceeding stated "Mandamus issue directing the defendant to conduct a hearing and investigation in accordance with the provisions of Louisiana Revised Statute 33:2501."