ARMSTRONG, Judge.
In this post-divorce litigation appeal, appellant, Richard R. Cartier raises two assignments of error. First, he claims the trial court erred in dismissing his motion to terminate alimony, arguing his right to request a modification of his alimentary obligation was not relinquished when he entered a consent judgment to pay his ex-wife alimony for one year. Second, he claims the trial court erred in denying his exception of unauthorized use of a summary proceeding against Janice Copeland Cartier’s rule for contempt because LSA-C.C.P. art. 2592 does not authorize the use of summary proceedings for the enforcement of community property settlements. For the reasons that follow, we affirm the trial court’s judgment.
On September 7, 1989, judgment was entered against Mr. Cartier, ordering him to pay alimony pendente lite to Mrs. Cartier in the amount of $1,825 a month. The pre-divorce judgment also addressed the mortgage, taxes and insurance on the matrimonial domicile, the mortgage and insurance on the automobile driven by Mrs. Cartier, and the medical insurance for and medical bills of Mrs. Cartier.
The parties were granted an absolute divorce on October 2, 1990. The judgment of divorce decreed that the “stipulations of the parties made in open court on May 24, 1990, ... are hereby made a judgment of this court as though copied therein in ex-tenso.” That referenced stipulation provides:
Mr. Reigel:
If your honor please, there is presently a judgment of pendente lite in effect that was signed on September 7, 1989 by Judge Tobias. The provisions of that judgment will remain in effect for a period of one year from June 1 of 1990 subject to the following modifications: the first modification is that the mortgage note, taxes and fire insurance on the community home ...
******
Mr. Reigel:
... With regard to the automobile, ... Between now and as late as the payment of the sum of fifteen thousand dollars by Mr. Cartier which will be considered an advance on Mrs. Cartier’s share of the community property which will be paid no later than August 1, he will continue to make the mortgage notes on the car but once he has paid the fifteen thousand, then Mrs. Cartier will take up the mortgage payments thereafter.
With respect to the medical insurance
[[Image here]]
******
Mr. Reigel:
In all other respects the judgment pen-dente lite remains as written for the one year period except that this alimony will cease upon the death, remarriage of Mrs. Cartier or if she will live in open concubinage.
******
On October 2, 1990, Mrs. Cartier filed a rule for contempt, arrearages and to fix due date of payments. Her rule charged that under the terms and conditions of the stipulated judgment, Mr. Cartier was obliged to pay her $15,000 no later than August 1, 1990 as an advance on her share of the community and to pay one-half of her unreimbursed medical bills. As he had failed to make said payments, her rule charged that he should be ordered to show cause why he should not be held in contempt of court. She further requested that the court render judgment making all past *891 due medical payments executory and set a due date for future alimony payments.
Mr. Cartier responded by filing an exception raising the objections of no cause of action and of unauthorized use of summary proceedings. Mr. Cartier also filed a motion to terminate alimony which alleged that he had lost his job and was not financially able to support Mrs. Cartier. She then filed an exception asserting that this motion failed to state a cause of action and he defended it by arguing that no language in their agreement precludes reduction of alimony as per LSA-C.C. art. 232, citing Oster v. Oster, 563 So.2d 490 (La.App. 4th Cir.1990), writ den., 568 So.2d 1059 (La.1990).
After a hearing on December 13, 1990, the trial court denied Mr. Cartier’s exception and found him in contempt of court. Although the court sentenced him to ten days in prison, the court directed that he could purge himself of contempt by paying to Mrs. Cartier the sum of $10,790, plus legal interest, in monthly installments. The court also dismissed Mr. Cartier’s motion to terminate alimony, ordered him to pay attorney’s fees and the cost of the proceedings, set the monthly due date of future alimony payments and continued the issue of medical expense reimbursements.
From that judgment, Mr. Cartier sought this court’s supervisory jurisdiction. (No. 90-0-2051, Dec. 11, 1990). This court denied the writ stating that the trial court’s dismissal of Mr. Cartier’s motion to terminate alimony was appealable. The denial of the writ also stated that the trial court acted properly in denying Mr. Cartier’s exception of improper use of a summary proceeding because, “[rjeading C.C.P. arts. 225 and 2592 together, a motion for contempt is a summary proceeding. Furthermore, Mrs. Cartier is not actually seeking to collect on the consent judgment but is seeking to have Mr. Cartier held in contempt for failing to obey the consent judgment.”
On appeal, Mr. Cartier claims the trial court erred in dismissing his motion to terminate alimony. He explains that, a few months after the rendition of the consent judgment, he lost his $100,000 to $110,000 a year job as a result of layoffs in the motion picture industry. He claims he cannot find a comparable job and, consequently, his alimentary obligation should be terminated. He argues that he did not waive the right to request modification of alimony accorded him by LSA-C.C. art. 232[1] simply by agreeing to pay alimony for one year. He also claims Oster v. Oster, supra, supports his argument that he may seek modification of his alimentary obligation since it was not clearly and unambiguously waived.
We do not find Oster dispositive. In Oster, the former husband filed a rule to reduce alimony and the trial court sustained the former wife’s exception which raised the objection of no cause of action. On appeal, this court reversed and remanded, holding that the parties’ community property settlement agreement, which provided permanent periodic alimony payments, did not expressly precluded reduction of alimony as contemplated by LSA-C.C. art. 232. Rather, this court found that the community property settlement agreement merely specified two statutory ways to end alimony, i.e., upon the remarriage or the death of the recipient spouse.
Mr.' Cartier’s alimony obligation does not provide for permanent periodic payments. Instead, his obligation is limited to a definite and unequivocal payment period, and is contingent upon Mrs. Cartier’s waiver of her right to any further claim for alimony. Those essential differences distinguish Oster and make it inapplicable to this case. Consequently, his alimentary obligation is set forth in a transac *892 tion and compromise[2] and not a community property settlement agreement as in Oster, and is an additional reason for distinguishing Oster.
To put an end to their lawsuit, the Carti-ers mutually agreed to the terms of the stipulation with the realization that they were making concessions in order to eliminate the risk of losing more. The language used in their compromise obliged Mr. Cartier to pay $1,825 a month alimony for one year, subject only to the modifications made on the court record.
LSA-C.C. arts. 3071 and 3078 provide: Art. 3071. Transaction and compromise, definition
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
Art. 3078. Res judicata; error; lesion Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion., But an error in calculation may always be corrected.
The Cartiers’ compromise fulfills all the requirements set forth in article 3071. Each party gave up something of value to put an end to the divorce litigation. Turney v. Seale, 473 So.2d 855 (La.App. 1st Cir.1985), writ den., 477 So.2d 715 (La.1985). When the agreement was recited in open court, both parties acquired the right to judicially enforce its performance. LSA-C.C. art. 3071. As an additional measure, the court incorporated the terms of their compromise agreement into its judgment, which also made it a consent judgment.
Compromise agreements between parties to avoid litigation are favored by the law. Adams v. Adams, 529 So.2d 877 (La.App. 4th Cir.1988), writ den., 533 So.2d 363 (La.1988). The Cartiers’ legally confected, in-court judicial settlement is binding, hence, Mr. Cartier is bound by the agreement recited and acquiesced to in court. Id. Therefore, the trial court did not err in dismissing his motion to terminate alimony.[3]
In his second assignment of error, Mr. Cartier claims the trial court erred in denying his exception of unauthorized use of a summary proceeding. He argues that the summary proceedings list in LSA-C.C.P. art. 2592 is exclusive. Thus, he contends that Mrs. Cartier’s effort to enforce the community property settlement agreement by summary proceeding is unauthorized; consequently, her rule fails to *893 state a cause of action. She disputes this contention by claiming he is mischaracteriz-ing the true nature of her rule. We agree.
LSA-C.C.P. arts. 225 and 2592 provide, in pertinent part, as follows:
Art. 225. Same; procedure for punishing
A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court[4] may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court’s own motion or on the motion of the party to the action or proceeding and shall state the facts alleged to constitute the contempt ...
Art. 2592. Use of summary proceedings
Summary proceedings may be used for trial or disposition of the following matters only:
* * * * * *
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
Reading LSA-C.C.P. arts. 225 and 2592(3) together, a rule to show cause why a person should not be adjudged guilty of contempt is a summary proceeding which may be issued by the court or filed by a party to the action or proceeding. Mrs. Cartier was, therefore, authorized by statute to file her rule for contempt.
In the compromise, Mr. Cartier agreed to pay $15,000 to Mrs. Cartier by a set date and to pay her unreimbursed medical bills. The terms of the compromise were incorporated into the court’s judgment and, thereafter, became a lawful judgment of the court. The rule alleges these facts and charges that Mr. Cartier’s failure to obey the court’s lawful judgment constitutes a constructive contempt of court. It is therefore legally sufficient to set forth a cause of action for constructive contempt. Cf. Pettus v. Atchafalaya Wildlife Protection Soc., 351 So.2d 790 (La.App. 1st Cir.1977); Cherrington v. Gardner, 541 So.2d 410 (La.App. 4th Cir.1989).
The object and purpose of the contempt proceeding is to vindicate the authority and dignity of the court. Riley v. Pennix, 442 So.2d 563 (La.App. 1st Cir.1983). It is not designed to benefit the litigants, even though the infliction of punishment for contempt may inure to the benefit of the mover of the contempt rule. Id. The judgment on this contempt rule inured to Mrs. Cartier’s benefit because it sentenced Mr. Cartier to ten days in prison, but allowed him to purge himself.of contempt by paying her a certain sum. This indirect benefit, however, did not transform her rule into a motion to enforce the property settlement agreement. The objective purpose of the judgment of contempt remained the court’s vindication of its impaired dignity. Therefore, the trial court properly denied Mr. Cartier’s exception of unauthorized use of a summary proceeding.
Mrs. Cartier’s rule contained additional requests, i.e., that the court set the due date for future alimony payments and make all past due medical payments execu-tory. Her request to have the due date set is an incidental question arising in the course of a judicial proceeding and/or as an issue which may be raised properly by an exception, contradictory motion, or a rule to show cause. LSA-C.C.P. art. 2592(1), (3). Consequently, it is an authorized use of a summary proceeding, and the court acted properly in setting the due date. The court properly continued the medical expense reimbursement issue.
*894 For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.

. Article 232 is contained in Title VII “Of Father and Child”, and provides as follows:
Art. 232. Reduction of alimony or discharge from payment
When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.

. At the May 24, 1990 hearing, Mr. Cartier admitted his alimentary obligation was part of a transaction and compromise:
Mr. Howard:
You have heard the stipulation made by my colleague, Mr. Reigel, are you in accord with same?
Mr. Cartier:
Yes.
Mr. Howard:
It was a lengthy document, a lengthy recitation. ... It is a compromise, is it not?

Mr. Cartier:

It is indeed.

Mr. Howard:
There's give and take for both parties in that thing?
Mr. Cartier:
Yes.
(Emphasis ours.)

. A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. LSA-C.C.P. art. 221. There are two kinds of contempt, direct and constructive. Id. Constructive contempt is any contempt other than a direct one. LSA-C.C.P. art. 224. Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court constitutes a constructive contempt of court. LSA-C.C.P. art. 224(2).