# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2024 CA 0363

### 70340 HWY 21, L.L.C. AND RESTAURANT HWY 21, L.L.C.

*WRC by CHH*

### VERSUS

### REVIVE HOLDINGS 21, LLC

*CHH*

*DATE OF JUDGMENT:*     DEC 1 3 2024

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 2022-14050, DIVISION E

HONORABLE WILLIAM H. BURRIS, JUDGE

* * * * * *

| | |
|---|---|
| James M. Garner<br>Ryan O. Luminais<br>Curtis J. Case<br>New Orleans, Louisiana | Counsel for Plaintiffs-Appellees<br>70340 Hwy 21, L.L.C. and Restaurant<br>Hwy 21, L.L.C. |
| Frank J. Divittorio<br>Elsbet C. Smith<br>Hammond, Louisiana | Counsel for Defendant-Appellant<br>Revive Holdings 21, LLC |

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**Disposition: REVERSED.**

**CHUTZ, J.**

Defendant, Revive Holdings 21, LLC, appeals a trial court judgment holding it in contempt for violating an injunction granted in favor of plaintiffs, 70340 Hwy 21, L.L.C. and Restaurant Hwy 21, L.L.C. For the following reasons, we reverse.

**FACTUAL AND PROCEDURAL HISTORY:**

Plaintiffs and defendant are the owners of two adjacent commercial properties located on Highway 21 in Covington, Louisiana bearing municipal addresses 70330 (currently owned by defendant) and 70340 (currently owned by plaintiffs). A dispute arose between them over the use of a concrete interior driveway located between the two properties, as well as over the use of "overflow" parking spaces located on defendant's property.

The two properties were previously owned by limited liability companies under the control of the same person, Kanetha Chau. Through these entities, Ms. Chau executed a reciprocal servitude agreement creating two separate servitudes affecting the two properties (the "Agreement"). The first servitude is a non-exclusive, reciprocal, and perpetual predial servitude of passage on the interior driveway that connects the two properties. The second servitude is a non-exclusive, perpetual predial servitude and right granted to the owners of the property at 70340 Highway 21 to park in an "overflow" parking area located on the property at 70330 Highway 21.

After the execution of the Agreement creating the two servitudes, plaintiffs acquired ownership of the property at 70340 Highway 21 and defendant acquired ownership of the property at 70330 Highway 21. Defendant purchased this property with the intent of demolishing the gas station then located on the property and building an automated carwash. It was anticipated plaintiffs' access to the driveway and parking spaces would be affected during the proposed demolition and construction work. Accordingly, plaintiffs sought a preliminary injunction against defendant prohibiting it from restricting access to the reciprocal driveway and the parking spaces on defendant's property.

At a hearing held on January 20, 2023, the parties consented to the issuance of a preliminary injunction, which was signed by the trial court on February 1, 2023. The injunction prohibited defendant from blocking access to and use by plaintiffs of the interior driveway and the parking spaces on defendant's property. It further provided that in the event defendant undertook construction that might

2

interfere with access to the driveway or parking spaces, defendant was to provide plaintiffs' counsel with notice thereof at least ten days prior to the start of any work.

On May 5, 2023, defendant notified plaintiffs' counsel of its intention to begin construction on the redevelopment on its property on June 19, 2023. Defendant estimated plaintiffs' access to the driveway and parking spaces would be disrupted for approximately three months, at most. On the same date, plaintiffs' counsel responded that the proposed three-month timeline was "not acceptable." On May 24, defendant advised plaintiffs' counsel the construction was now scheduled to begin on June 5, 2023. Plaintiffs' counsel advised defendant a five-day disruption to their use of the driveway and parking spaces was acceptable to plaintiffs. The following day, defendant notified plaintiffs' counsel that, after conferring with its contractor, defendant "expect[ed] to be able to limit the continuous disruption to five days to get the driveway closed, reopened, and relocate temporary parking to the front corner [of defendant's property] while demolition and construction proceeds on the rest of the property."

During construction, the concrete driveway and parking area on defendant's property were completely demolished. Defendant had gravel and sand placed down to serve as a temporary driveway and parking area. On June 26, 2023, plaintiffs filed a motion for contempt against defendant, alleging defendant "has blocked Plaintiffs' access to and use of the interior driveway and parking spaces in violation of the Court's February 1, 2023 consent judgment [injunction]" and has "done so intentionally, knowingly, and purposely, without justifiable excuse."

A contempt hearing was held on August 30, 2023. Although the injunction had referred to the possibility of defendant undertaking "repairs, renovation, or construction" on its property, the trial court felt the injunction never "envisioned the complete demolition" of the concrete driveway and parking area. At the conclusion of the hearing, the trial court held defendant in contempt, even though the court concluded the defendant's sole member, Jordan Williams, had acted in good faith. In rendering its oral ruling, the trial court stated:

I think Mr. Williams is genuinely operating in good faith, albeit, I think he's not completely understanding the scope of the [injunction] or the scope of what my orders have been. ....

\*\*\*

So[,] I'm left in a weird position that I don't think Mr. Williams' actions were in bad faith. But he obviously did not comply with the order of the Court. So[,] it's a contempt, although I don't think, I think he genuinely thought he was going to try to fulfill the judgment. Just didn't.

So[,] I'm trying to, in my mind, structure a penalty that would be correct and reflect that. ... I'm going to – I'm not going to fine him for his actions thus far, because I think he is genuine. Whether he is receiving bad advice or he just doesn't understand, or whatever the case may be, I think he has been trying to comply with the order as best he could. However, that can only last for so long. Now, I think any question about that order is certainly clarified by me now.

So, ... I' m going to assess a fine of $1,000 a day after September 5th.

On September 18, 2023, the trial court signed a judgment in accordance with its oral ruling. In addition to holding defendant in contempt, the judgment ordered defendant to restore the servitudes to the interior driveway and parking places to "their original location and condition" as they existed prior to the issuance of the February 2023 injunction. The judgment further provided:

[Defendant] shall pay to the Clerk of Court a fine of $1,000 per day, in accordance with La. R.S. 13:4611, for each day after September 4, 2023 that [Defendant] does not restore Plaintiffs' access to and use of the Servitudes. [Defendant] shall also pay Plaintiffs' costs associated with bringing its Motion for Contempt in the amount of $1,000.

Defendant has now appealed.

## DISCUSSION

Defendant argues the trial court erred in holding it in contempt for violating the February 2023 injunction while at the same time acknowledging defendant's sole member, Mr. Williams, was confused as to the scope of the injunction, was "genuinely operating in good faith," and "was trying to comply with the [injunction] as best he could." We agree.

4

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice or to impair the dignity of the court or respect for its authority. La. C.C.P. art. 221; *Marshall v. Marshall*, 19-0879 (La. App. 1st Cir. 7/14/20), 308 So.3d 1178, 1181-82, writ denied, 20-01009 (La. 11/4/20), 303 So.3d 652. A trial court is vested with great discretion in determining whether a party should be held in contempt of court, and its decision will be reversed only when the appellate court finds an abuse of that discretion. *Marshall*, 308 So.3d at 1182.

In Louisiana, contempt proceedings must be strictly construed, and the law does not favor extending their scope. *Marshall*, 308 So.3d at 1184. There are two types of contempt of court, direct and constructive. La. C.C.P. art. 221. A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record. La. C.C.P. art. 222. A constructive contempt of court is any contempt other than a direct one. La. C.C.P. art. 224. Under Article 224(2), willful disobedience of any lawful judgment constitutes a constructive contempt of court. To find willful disobedience, the trial court must find that the person violated the court's order intentionally, knowingly, and purposefully, without justifiable excuse. *Marshall*, 308 So.3d at 1182.

In the instant case, the trial court concluded defendant "violated the tar out of that injunction ... [the] very heart of the injunction was that those spaces were to remain, as well as the servitude to and from." However, the trial court also concluded defendant was in good faith and did not willfully disobey the injunction. Nevertheless, even though plaintiffs had alleged in their motion for contempt that defendant intentionally and knowingly violated the injunction, on appeal, plaintiffs now argue the trial court properly found defendant guilty of contempt despite its

5

good faith because violation of an injunction is governed by La. C.C.P. art. 3611. Based on the wording of Article 3611, plaintiffs argue mere disobedience of an injunction is sufficient to constitute contempt regardless of a defendant's intent. Article 3611 provides:

> Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.

Plaintiffs point out that Article 3611 refers only to disobedience of an injunction rather than to willful disobedience as Article 224(2) does. Plaintiffs cite no authorities in support of their argument.

This same argument was summarily rejected by the Fourth Circuit in *Yokum v. 544 Funky, LLC*, 15-1353 (La. App. 4th Cir. 9/28/16), 202 So.3d 1065, 1070, writ denied, 16-2231 (La. 1/25/17), 215 So.3d 685. As in the present case, the plaintiffs in *Yokum* argued Article 3611 does not require a finding of willfulness or intent in order for the violation of an injunction to constitute contempt. The Fourth Circuit disagreed, holding the trial court did not err in considering the willfulness of the defendant's actions in denying the plaintiffs' motion for contempt. *Yokum*, 202 So.3d at 1069-70.

In *Wright v. Department of Highways*, 359 So.2d 635, 636 (La. App. 1st Cir. 1978), this court reversed a trial court judgment holding the defendant in contempt of court for violating an injunction. While specifically noting disobedience of an injunction is punishable as a contempt of court under Article 3611, this court reversed the trial court's contempt judgment, finding that not only did the injunction lack specificity, there also was *"no showing of willful or contumacious behavior to disobey it"* by the defendant. (Emphasis added.) It is implicit in this holding that the *Wright* Court did not consider mere disobedience

6

of an injunction to constitute a contempt of court absent a finding of willful or intentional disobedience of the injunction.

Further, in multiple contempt cases involving the alleged violation of injunctions, this court has consistently stated the trial court must find a party violated the court's order intentionally, knowingly, and purposefully, without justification, in order to find the party guilty of constructive contempt. See *Blackwood v. Reeves*, 23-0504 (La. App. 1st Cir. 2/29/24), 387 So.3d 620, 629; *Stefanik v. Beam*, 12-2076 (La. App. 1st Cir. 6/7/13), 2013 WL 2488944, *1 (unpublished), writ denied, 13-1645 (La. 10/25/13), 124 So.3d 1099; *Charter School of Pine Grove, Inc. v. St. Helena Parish School Board*, 07-2238 (La. App. 1st Cir. 2/19/09), 9 So.3d 209, 224; *Nelson v. Nelson*, 421 So.2d 366, 368-69 (La. App. 1st Cir. 1982). This conclusion is consistent with the rule that contempt proceedings must be strictly construed since our law does not favor extending their scope, *Marshall*, 308 So.3d at 1184, as well as the principle that Article 224(2), which provides that willful disobedience of a legal judgment is a contempt of court, and Article 3611, which is titled "[p]enalty for disobedience; damages," must be read together since they both deal with the subject of contempt of court. La. C.C. art. 13. Doing so leads to the conclusion that the intent of Article 3611 is to emphasize the availability of additional punishments for contempt not available under the general contempt provisions as a method of enforcing an injunction.[1] See La. C.C.P. art. 3611, Official Revision Comments—1960, Comment (a); *Blackwood*, 387 So.3d 620, 627.

Accordingly, the trial court abused its discretion in finding defendant guilty of contempt of court for violating the February 2023 injunction since the trial court

---

[1] Generally, the punishment a court may impose for contempt of court is limited to the imposition of fines, jail time, litter abatement work, or community service. La. C.C.P. art. 227; La. R.S. 13:4611. Under Article 3611, however, the trial court also may order to be undone or destroyed whatever was done in violation of an injunction and may award a person aggrieved by the violation of an injunction any damages sustained as a result of the violation.

concluded defendant acted in good faith. It was error for the trial court to hold defendant in contempt of court in the absence of a finding that defendant violated the injunction intentionally, knowingly, purposedly, and without justifiable excuse.[2] See La. C.C.P. art. 224(2); *Blackwood*, 387 So.3d at 629; *Stefanik*, 2013 WL 2488944, at *1; *Charter School of Pine Grove, Inc.*, 9 So.3d at 224; *Nelson*, 421 So.2d at 368-69.

## CONCLUSION

For these reasons, the September 18, 2023 judgment of the trial court is hereby reversed. All costs of this appeal are assessed to plaintiffs, 70340 Hwy 21, L.L.C. and Restaurant Hwy 21, L.L.C.

**REVERSED.**

---

[2] In view of this disposition, we pretermit as moot all of defendant's remaining assignments of error concerning evidentiary rulings of the trial court, the length of the purge period allowed by the trial court, and the amount of the daily fine to be imposed if defendant failed to comply within the purge period provided by the trial court.