347 So.2d 883 (1977)
Calvin LAMBERT, Plaintiff and Appellant,
v.
The Heirs of Joseph ADAMS et al., Defendants and Appellees.
No. 6021.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
*884 Kenneth W. Ford, Morgan City, for plaintiff and appellant.
James A. Hammers, St. Martinville, for defendants and appellees.
Before CULPEPPER, WATSON and STOKER, JJ.
CULPEPPER, Judge.
This case originated as a petitory action by Calvin Lambert against the Heirs of Joseph Adams. Lambert sought to be recognized as the owner of a tract of land by the acquisitive prescription of 30 years. In the petitory action, the district court rendered judgment dismissing Lambert's suit. The Third Circuit Court of Appeal affirmed, 325 So.2d 331 (1976), and the Supreme Court denied writs, 329 So.2d 458 (1976).
After the judgment dismissing Lambert's petitory action became final, the Adams' Heirs filed the present rule against Lambert to show cause why he should not be held in contempt of court for willfully disobeying the judgment by continuing to possess the property. The district judge found Lambert in contempt, and ordered that he discontinue using the property and remove all of his buildings from the property within 30 days. From this judgment of contempt, Lambert appealed.
As stated above, the judgment which Lambert allegedly disobeyed only dismisses his petitory action. It is an adjudication that Lambert does not own the property. The judgment does not determine who is the owner, nor does it adjudicate who is entitled to possession. And, of course, it does not directly order Lambert to vacate the premises or to remove the buildings.
The applicable constitutional provision is found in Article 5, Section 2 of the Louisiana Constitution of 1974:
"A judge may issue writs of habeas corpus and all needful writs, orders, and process in aid of the jurisdiction of his court. . . The power to punish for contempt of court shall be limited by law."
The pertinent statutory provisions are found in the following articles of our Code of Civil Procedure:
"Article 221. A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.
"Contempts of court are of two kinds, direct and constructive."
* * * * * *
"Article 224. A constructive contempt of court is any contempt other than a direct one.
"Any of the following acts constitutes a constructive contempt of court: . . .
"(2) Willful disobedience of any lawful judgment, order, mandate, writ or process of the court;"
Our jurisprudence has established the following general rules regarding contempt proceedings: First, the object and purpose of a contempt proceeding is to vindicate the authority and dignity of the court. It is not designed for the benefit of the litigants, even though infliction of punishment for contempt may inure to the benefit of the mover in the contempt rule. State ex rel. Duffy and Behan v. Civil District Court for Parish of Orleans, 112 La. 182, 36 So. 315 (1904); Robertson v. Robertson, 258 So.2d 125 (La.App.2d Cir. 1972). Second, unless a litigant willfully disobeys a direct order of the court issued prior to the contempt rule, he should not be held in contempt, even if his acts tend to frustrate *885 the opposing litigant. State ex rel. Duffy and Behan, supra. Third, proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope. Roy v. Berard, 227 La. 86, 78 So.2d 519 (1955); Junius Hart Piano House v. Ingman, 119 La. 1017, 44 So. 850 (1907). Fourth, as a general rule, contempt proceedings should not be resorted to where other specific remedies are provided by law. State ex rel. Duffy and Behan, supra; In re State ex rel. Hero, 36 La.Ann. 352 (1884); Junius Hart Piano House v. Ingman, supra.
Under the above rules it is clear that the trial court erred in holding plaintiff in contempt. Prior to the contempt rule, there was no direct order by the district court directing plaintiff to vacate the premises or to remove his buildings. Thus, the dignity and authority of the court has not been impaired. In addition, as appellant correctly points out in his appellate brief, the Adams Heirs have several specific remedies to enforce any right they may have to compel Lambert to vacate the premises and remove his buildings.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that Calvin Lambert is not in contempt of court. The contempt rule is recalled and set aside. All costs in the trial and appellate courts are assessed against the appellees.
REVERSED AND RENDERED.