CALOGERO, Justice.
Defendant David L. Bates was charged with operating a motor vehicle notwithstanding an applicable court judgment prohibiting such operation, a violation of R.S. 32:1480. After denial of defendant’s request for a criminal jury trial, defendant was tried before the judge, found guilty as charged and sentenced to serve one year in the Morehouse Parish Jail. The only issue raised on this appeal is whether the trial court erred in denying defendant’s motion for a criminal jury trial.
The following facts were presented at defendant’s trial and are not disputed. On July 20, 1978, defendant was declared a habitual offender under the provisions of the Louisiana Motor Vehicle Habitual Offender Act (R.S. 32:1471 et seq.), and forbidden to operate a motor vehicle on the highways of this state for a period of five years pursuant to R.S. 32:1479. On June 16,1979, defendant was observed driving an automobile, notwithstanding the July 20, 1978 judgment, and ticketed for driving while intoxicated. R.S. 14:98. On October *1165 17, 1979, defendant was also charged with driving after a habitual offender judgment prohibiting him from driving, in violation of R.S. 32:1480. On the day of trial, defendant requested a trial by jury. The trial court denied the motion, finding that the proceedings against defendant were civil in nature and that defendant was not entitled to a jury trial unless the request was made in accordance with the Louisiana Code of Civil Procedure. Upon a further finding that no such request had been made in the case, defendant’s request for a jury trial was denied.
Defendant contends that the trial court erred in treating his prosecution under R.S. 32:1480 as a civil proceeding, thereby depriving him of a criminal jury trial.
The question presented for our review is whether the rules governing criminal proceedings, among them the right to a trial by jury, are applicable to prosecutions under R.S. 32:1480, a statute which carries a mandatory one year prison sentence for operating a motor vehicle after a habitual offender adjudication prohibiting such operation.
Louisiana’s Motor Vehicle Habitual Offender Law, R.S. 32:1471 et seq., provides for an order by a court, after determination that a driver is a habitual offender, directing him not to operate a motor vehicle on Louisiana highways, and requiring him to surrender his license to operate a motor vehicle for a minimum period of five years. R.S. 32:1479. The act describes an habitual offender as one who has accumulated prescribed numbers of particular, separate and distinct driving offenses committed during a five year period. R.S. 32:1472. The Act then provides that the Department of Public Safety shall certify conviction records of such persons, that the district attorney of the parish where the person resides shall file a petition in district court, and that a hearing shall be held “without a jury.” R.S. 32:1474-1476. Should the court adjudge him an habitual offender, he may appeal the judgment in the same manner as he would appeal a civil judgment. R.S. 32:1478. As long as a court judgment prohibiting operation of a motor vehicle remains in effect, he may not drive a motor vehicle on the public highways and, if he does, he must, upon conviction for same, be imprisoned for not less than one year nor more than five years. R.S. 32:1480.
In State v. Page, 332 So.2d 427 (La.1976) this Court addressed the question of whether the license revocation proceeding authorized by R.S. 32:1474-1478 was a criminal or civil matter. The Court concluded that it was in fact civil in nature, reasoning as follows:
“Although due process is required before a driver’s license may be revoked, Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Smith v. Department of Public Safety, 254 So.2d 515 (La.App. 4th Cir. 1971), it does not necessarily follow that the revocation of a license constitutes criminal punishment. On the contrary, the revocation of one’s license to operate a motor vehicle under the habitual offender law does not constitute punishment. Rather, it is a civil measure considered necessary by the Legislature to adequately provide for public safety. It is a finding by a court that the person in question is no longer fit to enjoy the privilege of driving a motor vehicle. The result of the finding is to deny the person the fight to drive on the public highways of the state; he suffers no loss of liberty, no incarceration nor fine.”
In the present case, we are faced with a different section of the Habitual Offender Law, namely R.S. 32:1480. That statute provides in pertinent part:
“A. It shall be unlawful for any person to operate any motor vehicle in this state while the judgment of the court prohibiting the operation remains in effect. Any person found to be an habitual offender under the provisions of this article who is thereafter convicted of operating a motor vehicle in this state while the judgment of the court prohibiting such operation is in effect, shall be punished by imprisonment for not less than one year nor more than five years.”
*1166 Unlike the provisions considered in State v. Page, supra, the provisions here subject the offender to a mandatory prison term. It is persuasively argued that this prison sentence makes this statute distinguishable from that considered in Page and, thus, criminal in nature rather than civil. In support of this contention, defendant relies on language contained in Page. While the Page court concluded that the license revocation proceeding was civil in nature, it also pointed out that “[tjhere are, of course, features of the Act not now before us which are penal, or criminal. For instance, 32:1480 may result in imprisonment for driving while classified as a habitual offender.” And quoting with approval from the Second Circuit case of State v. Love, 312 So.2d 675 (La.App.2nd Cir. 1975), writs refused, 317 So.2d 627 (La.1975) the Court further provided:
“ ‘The Motor Vehicle Habitual Offender Law authorizes both civil and criminal proceedings against a person related to his operation of a motor vehicle. The initial suit to have a person declared an habitual offender and to revoke his license is a civil matter. It does not involve loss of liberty or threat of incarceration, but its object is the protection of the public in removing from the highways a dangerous driver. R.S. 32:1474-78. On the other hand, two additional proceedings authorized by R.S. 32:1480 and 1481, which may result in enhancement of statutory penalties and imprisonment for driving while classified as an habitual offender, are clearly criminal actions. A previous civil declaration of habitual offender status is essential to the success of any subsequent criminal proceedings, but such prosecutions are necessarily separate and distinct from the civil revocation proceeding.’ ” (emphasis provided.)
We find defendant’s argument, that R.S. 32:1480 is distinguishable from R.S. 32:1474-1478 and thus requires the application of criminal procedures rather than civil, irrebuttable. In fact the phraseology of R.S. 32:1480 further supports defendant’s argument that criminal proceedings are contemplated where an habitual offender is charged with violating the court order prohibiting his operation of a motor vehicle. Part B of that statute provides:
“B. For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle while his license, permit or privilege to drive is suspended or revoked or is charged with driving without a license, the court before hearing such charges shall require the district attorney to determine whether such person has been adjudged an habitual offender and by reason of such judgment is barred from operating a motor vehicle on the highways of this state. If the district attorney determines that the accused has been so held, he shall cause the appropriate criminal charges to be lodged against the accused.” (emphasis provided)
To hold otherwise in this case would run contrary to the expressions of Article 1, Section 17 of the 1974 Louisiana Constitution which provides in pertinent part:
“A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons ...”
The clear import of this provision is to insure the individual, facing the possibility of imprisonment for more than six months, a trial before his peers.
In the present case, defendant was charged under a statute carrying a mandatory one year prison sentence, with the possibility of a five year term. This penalty provision is explicitly a punishment, and not, as in the case of license revocation, simply “a civil measure considered necessary by the Legislature to adequately provide for public safety.” The proceedings authorized by R.S. 32:1480 are criminal in nature. Defendant faces the threat of incarceration for more than six months and is, therefore, entitled to a jury trial.
The state argues that the hearing for the violation of a habitual offender judgment is in the nature of a contempt proceeding *1167 under a civil judgment and that, therefore, defendant should not be allowed a jury trial. We disagree.
The purpose of contempt proceedings is to preserve the authority and dignity of the court. C.Civ.P. art. 221. They are used, at least in one instance, to enforce compliance with court orders. C.Civ.P. art. 224(2). However, contempt proceedings should not be resorted to where there are other specific remedies provided by law. Lambert v. Adams, 347 So.2d 883 (La.App.3rd Cir. 1977). In the present case, the Legislature has specifically provided, in R.S. 32:1480, the method of punishing non-compliance with an habitual offender judgment. This statute does not simply authorized contempt proceedings for such a violation. As stated above, R.S. 32:1480 provides a specific penalty or punishment for specifically designated conduct and proceedings thereunder are criminal.
We hold, therefore, that proceedings under R.S. 32:1480, for driving after an habitual offender adjudication prohibiting such operation of a motor vehicle on the public highways, which carries a mandatory minimum one year prison sentence, are criminal proceedings. Defendant is entitled to a jury trial because the offense is punishable by confinement for more than six months. The ruling of the district court denying defendant a jury trial was therefore incorrect.

Decree

For the foregoing reasons, the conviction and sentence of defendant are reversed and the case is remanded to the district court.
REVERSED AND REMANDED.