LABORDE, Judge.
During the course of this child custody case, the State of Louisiana, through the Department of Health and Human Resources, Office of Human Development, and several of the Department’s employees were held in contempt for failure to comply with an order of the Crowley City Court dated September 17, 1980.
Subsequently, a second contempt judgment was rendered holding Cynthia Harris, an employee of the Department of Health and Human Resources, Office of Human Development, in contempt for disobeying a sequestration order.
Prom these judgments of contempt, the Department of Health and Human Resources, Office of Human Development, and its employees, Paul Vardeman, Cynthia Harris and Gaylor Brown appeal. We reverse and set aside the contempt judgments.
The first contempt judgment held the Department of Health and Human Resources, Office of Human Development and three of its employees, Paul Vardeman, Cynthia Harris and Gaylor Brown, in contempt for failing to comply with an order of the court. This order, signed on September 17,1980, by Judge Ad Hoc Nolen Chambers, reads in pertinent part, as follows:
“ORDERED ADJUDGED AND DECREED that custody of ELIZABETH CRAIN, JERRY BAKER, JR., ROLAND BAKER, SARAH BAKER and ANNETTE BAKER is continued with the Acadia Parish Office of Human Development with the following conditions, to-wit: (1) Said minors are to remain in the custody of the Acadia Parish Office of Human Development until Mr. and Mrs. Jerry Baker can provide a sufficient home with adequate food, electricity, water and gas, (2) At such time as Mr. and Mrs. Baker can prove said facilities are available, they are to report this condition to the Crowley City Court, (3) At this time, the Crowley City Court shall require the Office of Human Development to investigate said home and assure the court that the facilities are adequate.
IT. IS FURTHER ORDERED ADJUDGED AND DECREED that said investigation conducted by the Office of Human Development be returned to the Crowley City Court within seven days subsequent to notification.”
On September 23, 1980, Jerry Baker, Sr. notified the Clerk of Court that he had moved to Abbeville where he had secured employment and rented an apartment. The Clerk of Court relayed this information to Davis Stolzle, a probation officer, who notified Cynthia Harris at the Department of Health and Human Resources, Office of Human Development. Stolzle informed Harris that the court received notice that the Bakers had obtained a home. Stolzle also furnished Harris with the address of the Bakers’ house. This information was received by Harris on September 23, 1980. As of September 30,1980, the court had not received a report from the Office of Human Development regarding the Bakers’ new residence.
On October 1, 1980, Mr. and Mrs. Jerry Baker, Sr. filed a rule to show cause and an order was signed by the court ordering the Department to show cause why it should not be held in contempt of court for failing to abide by the provisions of the judgment of September 17,1980. On October 8,1980, the court, Judge Don Aaron, Jr. presiding, found the Department, Vardeman, Harris and Brown in contempt.
*1211 Louisiana statutory law provides that a contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. LSA-C.C.P. Article 221. Willful disobedience of any lawful judgment or order of the court is a constructive contempt of court. LSA-C.C.P. Article 224.
The jurisprudence interpreting these statutes establishes that unless a litigant willfully disobeys a direct order of the court issued prior to the contempt rule, he should not be held in contempt. Lambert v. Adams, 347 So.2d 883 (La.App. 3rd Cir.1977).
Applying this jurisprudence to the facts of this case, we conclude that the trial court erred in holding the Department, Vardeman, Harris and Brown in contempt for failing to comply with the order of September 17, 1980. The record reveals that the Bakers’ new home located in Abbe-ville in Vermilion Parish is outside the jurisdiction and authority of the Acadia office of the Department of Health and Human Resources, Office of Human Development. Therefore, the report ordered by the court had to be prepared by the Vermilion office of the Department. Harris contacted the Vermilion office of the Department requesting the home study ordered by the court. Harris also notified them of the seven day provision of the court order. The Department realized that given these circumstances, the seven day time period could not be met. Therefore, it contacted Judge Ad Hoc Chambers and the assistant district attorney in an attempt to alter the order.
The record also contains the testimony of Harris who testified that she did not make up her own mind and ignore the seven day time period because it was impossible to get the report out of Abbeville in seven days. We feel that it is clear that the Department and its employees made a conscientious effort to comply with the court order even though circumstances dictated that it would be impossible to so comply. Absent a showing of willful disobedience, we cannot find the Department of Health and Human Resources, Office of Human Development and its employees, Paul Vardeman, Cynthia Harris and Gaylor Brown in contempt.
The second contempt judgment was rendered solely against Cynthia Harris. Harris was found in contempt of court on October 28, 1980, for violating a sequestration order at the custody hearing for the Baker children. Harris, along with the other non-expert witnesses, was instructed by the court to remain outside the courtroom during the trial of the custody matter until called. Nevertheless, she remained in the courtroom. After the first witness testified, the court discovered her presence and held her in contempt.
Harris contends that since she was the caseworker assigned to this custody matter, she was acting as a party for the State of Louisiana. Therefore, since parties to an action are exempted from the sequestration rule, the court erred in holding her in contempt.
We note the apparent correctness of this argument but when construing it in light of LSA-R.S. 14:403(G)(9), which authorizes the District Attorney’s office to represent the interest of the State in juvenile proceedings of this-nature, we question the argument’s validity. Nevertheless, we do not need to decide this issue since we conclude that the record shows that Harris was not in willful disobedience of the sequestration order. Harris explained to the court that she had been present for hearings in the past when she was subpoenaed and the witnesses were sequestered. Nothing in the record leads us to conclude that Harris showed a willful intent to impair the dignity of the court or the respect for its authority. Hence, we conclude that the trial court erred in holding Cynthia Harris in contempt.
For the reasons assigned, the judgments appealed are reversed and set aside. It is now ordered, adjudged and decreed that the Department of Health and Human Resources, Office of Human Development, Paul Vardeman, Cynthia Harris and Gaylor Brown are not in contempt of court. The contempt rules are recalled and set aside. *1212 All costs in the trial court and appellate court are assessed against the appellees.
REVERSED AND RENDERED.