WRIT GRANTED AND MADE PEREMPTORY
MARVIN, Judge.
This applicant was cited by the 26th Judicial District Court of Bossier Parish, Louisiana, to show cause why she should not be held in contempt for her failure to appear and produce her two minor children in the Mahoning County Court of Common Pleas of Ohio on June 21,1983, in obedience to an order of that Ohio court.
In a hearing in the Bossier Parish court on September 15,1983, applicant was found in contempt and was sentenced to serve 10 days in jail. That sentence was suspended on the condition that she obey further orders of the Ohio court and that if the Louisiana court was informed by the Ohio court that she again failed to appear, she would be required to serve the 10 days. That finding and sentence provoked this writ application. We ordered a stay of execution and further proceedings and ordered the record filed with this court for our examination.
At the outset, we note the complete absence in this record of an order by the Louisiana court directing the applicant to appear in the Ohio court. The only order requiring such an appearance apparently was directed to the applicant by the Ohio court.
Under some circumstances a Louisiana court may order a mother and her children to appear in a court of another state. See LRS 13:1719(0), 1718, Uniform Child Custody Act. Compare other sanctions employed in Lambert v. Adams, 347 So.2d 883 (La.App. 3d Cir.1977). The power to render a judicial order is not equivalent to an order and the mere existence of the power may not serve as a basis to cite a person for contempt. See CCP 224(2); City *1316 of Monroe v. Evans, 385 So.2d 912 (La.App. 2d Cir.1980). It is also questionable whether a court of another state is a “party to the action” in Louisiana which is authorized by CCP Art. 225 to move for a rule to show cause why another should not be held in contempt. Contempt power is strictly construed. CCP 227. Kent v. Stewart, 413 So.2d 583 (La.App. 1st Cir.1982). Our contempt laws speak only of the court or the judge whose order or whose dignity is violated as having the power to cite and punish for contempt. See CCP 221 et seq.
Because this record does not show that the applicant violated any order of the Louisiana court, the ruling of the Louisiana court that found applicant in contempt and sentenced her is reversed and set aside. We do not reach the alternative issue raised by applicant.
The writ is granted and made peremptory. The ruling of the trial court and applicant’s sentence are set aside and applicant is ordered discharged from the sentence.