493 So.2d 671 (1986)
Linda Barnes BROWN, Plaintiff-Appellee,
v.
Thomas Albert BROWN, Defendant-Appellant.
No. 17,975-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
Arax T. Brumfield, Bossier City, for appellant.
Linda Barnes Brown, in pro. per.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
The father appeals a judgment finding him in constructive contempt of court and ordering him to pay the mother $317.60 in child support arrearage. The mother, who was also found to be in constructive contempt, apparently for disobeying the joint *672 custody decree, did not answer or appeal. We affirm the judgment as to the child support arrearages. A parent may not unilaterally alter the support payments fixed by the trial court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977).
We reverse that part of the judgment finding the father in constructive contempt because of the trial court's failure to recite the facts that constituted the contempt as required by C.C.P. Art. 225 B. Louisiana State Board of Medical Exam. v. England, 252 La. 1000, 215 So.2d 640 (1968).

FACTS
The parties were married in 1974 and had two children, ages 5 and 8, whose sole custody was awarded to the mother in a separation judgment rendered in 1982. A divorce judgment of May 16, 1984, reiterated the support provisions of the 1982 separation judgment. Neither the 1982 judgment nor the 1984 judgment was signed until June 18, 1985.
On March 23, 1986, joint custody was decreed in accord with a plan of implementation that was later formally executed by the parties. The father was ordered to pay $150.00 monthly child support per child and to provide major medical hospitalization insurance coverage for the children.
In April 1985, the father began deducting from the support payments amounts that he had paid or incurred for dental work on the children. The mother objected to these deductions and refused to accept some of the partial payments because the money orders were marked "paid in full." She filed this action for $442.60 support arrearages on July 18, 1985. Each parent filed rules for contempt, claiming that the other had "interfered" with the joint custody plan.
The trial court found each parent to be in contempt. Each parent was sentenced to serve thirty days in jail and to pay $100.00 or serve 10 days in jail. The thirty day sentence was suspended and the parties were placed on unsupervised probation for a period of one year along with a special condition that each party comply with all orders of the court.

CHILD SUPPORT MODIFICATION
The father argues that he had the right to deduct from the support payments the childrens' medical or dental expenses that were not covered by insurance. Otherwise, the father argues, the children would be deprived of needed medical and dental care. We do not agree.
Court-ordered child support cannot be modified unilaterally. Halcomb, supra. Odum v. Odum, 273 So.2d 576 (La. App. 1st Cir.1973), squarely held a father may not unilaterally reduce or offset child support payments by amounts he has paid to dentists, doctors, and merchants on behalf of the children.
The father does not contend that the mother agreed to a reduction in the amount of the child support payments. The trial court correctly ordered the father to pay the arrearage.

CONSTRUCTIVE CONTEMPT
LSA-C.C.P. Art. 225 B provides:
If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed. (Emphasis ours).
In its reasons for judgment, the court stated:
... it is apparent to the Court that both of these parties are guilty of not following the order of the Court ... We tried at first I think to have this worked out with the parties handling it themselves. That didn't work. The Court set some specific rules down and so far that hasn't worked. So the Court doesn't know but one way to do it and that's to sentence both of these individuals on the contempt charge and have enough hanging over their head that if either one of them violates the order of the Court then a severe penalty will have to be paid ...
*673 The father's counsel then requested the court to specify the reasons for the contempt. The court replied:
Well, if you want that then I'll have to get the record from last time and get it typed up and go through it. I don't particularly care to do that, but if you do it I'll just back off and we'll reassess the whole situation. I'd suggest that you not ask for it.
Counsel did not persist, but did not withdraw his request.
We cannot interpret C.C.P. Art. 225 B other than as mandatory. Louisiana State Board of Medical Exam v. England, supra. The contempt statutes must be strictly construed. Accordingly, we reverse the trial court's finding the father in constructive contempt.

DECREE
The part of the judgment awarding arrearages in child support to the mother is affirmed. That part of the judgment holding the father in constructive contempt is reversed. Appellant is assessed with all costs.