MARVIN, Judge.
In this action to modify child support, the father appeals judgments rendered on the same date, one of which finds him in contempt and orders his arrest and incarceration and the other of which rejects his demand to reduce child support. We reverse and remand for further proceedings.
FACTS
The litigants were legally separated by a judgment of November 28, 1977, and were divorced on December 29, 1978. Neither judgment mentioned the three children of the marriage. The father, then a professional football player, was voluntarily supporting his children who were in the custody of the mother. In late 1985, the mother sought a joint custody decree and child support for the children who were two girls, then ages 12 and 10, and a nine-year-old boy. At that time the father was earning gross monthly wages of more than $34,000.
By judgment of April 22,1986, the father was ordered to pay $800 per month for the support of each child, all medical and dental expenses, and to continue life insurance policies then in existence. This judgment made the support award effective November 5, 1985.
On May 5, 1986, the father sought to reduce child support on allegations that he was no longer employed as a professional football player and that his income had been reduced to “zero.” The mother sought to make executory the past due child support ordered in the April 22, 1986, judgment ($15,200 after certain credits) and to have the father held in contempt for his failure to pay $2,400 a month as ordered by that judgment.
On August 14, 1986, judgment was signed making executory $17,600 in past due support, casting the father for $250 attorney fees, and allowing him until September 30, 1986, to pay the executory child support or “be found in contempt of court.”
On October 1, 1986, the mother again sought to make past due child support ex-ecutory and to have the father held in contempt for his failure to pay the exec-utory support by September 30, as ordered in the August 14 judgment. The father again alleged his lack of income and inability to pay and sought to reduce or terminate child support. When these rules were heard after one or more continuances, the father’s Louisiana attorney and San Diego business agent appeared. The trial court said:
[The father] has not played fair with the Court. He’s not here. I instructed counsel the last time this matter was set to have him here. Therefore, the rule to reduce child support is rejected and dismissed. The [father] is found again to be in contempt of Court and his arrest for that contempt is ordered and the sentence of contempt is to be executed. That’s all.
[FATHER’S COUNSEL]: Your Honor, we object to the Court’s ruling and we’d like to—
THE COURT: Note the objection, court is recessed until 1:30 p.m.
Under the circumstances of this record, we must reverse the trial court’s judgments. We cannot speculate that the only testimony that the father’s counsel might have presented would have been “hearsay if [the father] was not present,” as counsel for the mother argued to the trial court.
Moreover, and accepting the trial court’s statement that the father’s counsel had been “instructed ... the last time this matter was set to have [the father in court for the hearing],” we cannot find that the father has violated a direct order of the trial court. The “instruction” was directed to the attorney and not to the father. See CCP Arts. 222, 224. Even assuming, but not finding, that either or both the father and his attorney in some way showed contempt for the court by some conduct not revealed in this record, the procedures mandated by CCP Arts. 223, 225, and 227 were not followed. Sherwood v. Sherwood, 441 So.2d 1315 (La.App. 2d Cir.1983); *1180 Brown v. Brown, 493 So.2d 671 (La.App. 2d Cir.1986).
The trial court’s judgments that dismiss the father’s rule to reduce child support and that finds the father in contempt are reversed and set aside at appellee’s cost. The case is remanded for further proceedings.
REVERSED, RENDERED, AND REMANDED.