539 So.2d 962 (1989)
SEARS, ROEBUCK AND COMPANY, Plaintiff-Appellee,
v.
Donald BRITTON, Defendant-Appellant.
No. 20310-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
Rehearing Denied March 23, 1989.
*963 Donald Britton, Calhoun, pro. per.
Malcolm Decelle, Jr., Monroe, for plaintiff-appellee.
Before HALL, MARVIN and SEXTON, JJ.
MARVIN, Judge.
In this action on open account, defendant Donald Britton, who appeared in proper person here and below, was held in contempt of court for statements he made to the trial judge after the judge granted plaintiff's motion for summary judgment. The sole issue raised in Britton's attempted appeal is the validity of the contempt conviction. In this posture, we treat the appeal as an application for supervisory review. See City of Monroe v. Evans, 385 So.2d 912 (La.App. 2d Cir.1980).
This record does not show that Britton's conduct was disruptive or disrespectful to the court, as it must be to constitute direct contempt under CCP Art. 222(1). We reverse the conviction.[1]
Art. 222(1) defines as direct contempt
Contumacious, insolent, or disorderly behavior toward the judge, or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority.
Art. 223 provides the procedure for punishing direct contempt:
A person who has committed a direct contempt of court may be found guilty and punished therefor by the court forthwith, without any trial other than affording him an opportunity to be heard orally by way of defense or mitigation. The court shall render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed.
At the hearing on the motion for summary judgment, Britton said the amount that Sears claimed he owed was not correct. The court allowed him to file interrogatories and a request for production of documents, but granted summary judgment for the amount claimed by Sears. Britton does not contest the summary judgment here. The contempt finding came from this exchange:
Mr. Britton: ... I'm contesting the summary judgment and I'm contesting the suit in that it's not a valid suit. It is not an accurate suit, nor has Sears & Roebuck proved
The Court: Mr. Britton, you should have filed an answer other than a general denial, which you did not do, so the Court is going to grant the Motion for Summary Judgment at this point and dismiss your lawsuit.
Mr. Britton: The general denial, sir, carries the burden
The Court: I'm not interested in hearing any more argument, Mr.
Mr. Britton: well, sir, I would like to ask that you be recused, because I have previously appeared before you and

*964 The Court: ... Mr. Britton, you are in contempt of court at this point. I am informing you of that ... you are in contempt of court. Do you understand that?
Mr. Britton: I can't say what I want to say in my defense?
The Court: No, you can't ... you cannot, not at this point.
The court gave Britton an opportunity to explain his conduct at the sentencing hearing held the next day. Britton said he was simply trying to defend himself on the motion for summary judgment by asking the judge to clarify statements that he did not understand. He said he did not intend to be contemptuous. The judge replied that his behavior was contemptuous because Britton continued arguing after the motion was ruled on. The judge also said that Britton had yelled at him. Britton denied yelling at the judge.
Notwithstanding other procedural differences for punishing direct and constructive contempt under CCP Arts. 223 and 225 respectively, both articles direct that the court "shall render an order reciting the facts constituting the contempt." We have held the recitation of facts to be a mandatory requirement in constructive contempt proceedings under Art. 225. Brown v. Brown, 493 So.2d 671 (La.App. 2d Cir. 1986).
Because Art. 223 reads the same, we now hold that the court's recitation of the factual basis for a finding of direct contempt is mandatory.
The court gave only two factual grounds for finding Britton in contempt: his continued argument after the judge granted summary judgment against him, and his yelling during some stage, otherwise unspecified, of that argument.
An attorney's repetitious legal argument during his opening statement in a criminal jury trial, after the court had ordered him not to argue the case at that stage of the trial and had sustained four prosecution objections to his argument, was found insufficient to support a contempt conviction in In re Milkovich, 493 So.2d 1186 (La. 1986). The basis for the contempt charge was CCrP Art. 21(5), which defines direct contempt the same as CCP Art. 222(1), quoted above. The court found the evidence in the record legally insufficient to show that the attorney intended by his conduct to defy the court's authority. 493 So.2d at 1189-1191.
Although Britton's continued argument about the burden of proof after the court granted summary judgment may have exasperated the court, the record does not show that Britton intended by that conduct to defy the court's authority. The court admonished him to stop arguing the case only once before holding him in contempt, in contrast to the court's direct admonition and repeated sustaining of objections to the argument in Milkovich, supra.
There is no requirement that the rules of law and procedure be relaxed or suspended for pro-se litigants. The rules should not be applied more quickly or severely, however, to a pro-se litigant than to an attorney. Britton's brief remarks, even if made loudly, do not rise to the level of contempt under CCP Art. 222(1). The trial court did not recite any other factual basis for holding Britton in contempt. We must reverse the conviction. See and compare Dean v. Dean, 516 So.2d 1178 (La.App. 2d Cir.1987).

DECREE
Appellant's conviction of contempt of court is REVERSED and set aside.
HIGHTOWER, J., dissents from denial of rehearing.

REHEARING DENIED
PER CURIAM.
The trial judge who found Britton in contempt on March 24 has applied for a rehearing, asserting in his per curiam and through counsel that we should consider that
Britton's ... gestures and facial expressions... indicated a clearly insolent and disorderly attitude, and ... caused embarrassment to the court ...
The record of Mr. Britton's sentencing on March 25, 1988, shows [that his] insolent and belligerent manner ... continued after the court's ruling that Mr. Britton was in contempt ... [and that]
*965 The manner of argument, voice inflection, facial expressions, and body movements of Mr. Britton prior to the court's ruling on the ... summary judgment ... [and his] seeking to recuse the court and continuing to argue after the ruling elevated his conduct to contemptuous behavior.
The above circumstances were not recited in the record either when Britton was adjudged guilty of direct contempt or the next day when he was sentenced. The trial court's request that we consider these circumstances on rehearing or remand to allow them to be entered in the record comes too late and does not cure the trial court's failure to comply with CCP Art. 223.
Since the adoption of the Code of Civil Procedure a trial court that finds a person in direct contempt is required, among other things, to "render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed." Art. 223 in part. See Louisiana State Board of Medical Exam. v. England, 252 La. 1000, 215 So.2d 640 (1968).
The application for rehearing is denied.
HIGHTOWER, J., dissents, would grant rehearing.
NOTES
[1] Britton apparently has served the five-day jail sentence.