| THIBODEAUX, Judge.

ISSUE

P. Charles Calahan, an attorney, appeals a judgment of the trial court finding him in constructive contempt of court for informing a potential witness that, absent a subpoena, she did not have to testify at a hearing after being requested by a deputy sheriff, with the court’s permission, to appear.

\ ¿FACTS

Mr. Calahan represented E.P. Lacombe in his efforts to collect a judgment against Randy Theriot, d/b/a Randy Theriot Construction. To partially satisfy the debt, Mr. Cala-han obtained a bill of sale from Rhonda Theriot, Randy’s estranged wife, for Randy’s community-owned pickup truck. A hearing on Mr. Lacombe’s collection efforts was being held on January 19, 1993.
Before the January hearing, Randy’s attorney requested that Rhonda be served with a *532 subpoena to appear at the hearing to testify as a witness. However, the record at the time of the hearing revealed that Rhonda had not been subpoenaed and was, therefore, not present to testify. To remedy the situation, Randy’s attorney asked the trial judge if the deputy sheriff and bailiff, Shirley Dau-treuil, could call Rhonda and request that she come to court. Mr. Calahan objected and urged the court to continue the hearing. His objection was overruled. Ms. Dautreuil was allowed to make the phone call to Rhonda requesting her attendance at the hearing. Because Rhonda was forty-five minutes away from the courthouse, the court handle^ other matters until she arrived.
In the meantime, Mr. Calahan instructed his secretary to inform Rhonda that she did not have to come to court because she was not issued a subpoena and that she should talk to counsel before she testified since her interests were adverse to Randy’s in that she had previously cooperated with Mr. Calahan in transferring Randy’s pickup truck, a community asset, to Mr. Lacombe. There is a dispute as to whether Rhonda was told to talk to Mr. Calahan specifically or whether she was told to contact a lawyer. Nevertheless, the phone call to Rhonda was made after Ms. Dautreuil called Rhonda.
| -After Rhonda called the attorney who had represented her in earlier negotiations with Mr. Calahan and was told to “listen to the judge,” she informed Ms. Dautreuil that she would appear in court. No instanter subpoena was issued to obtain Rhonda’s testimony. Thus, at the outset, we note the complete absence in this record of an order by the trial court directing Rhonda to appear at the hearing.
For the actions taken by Mr. Calahan, Randy filed a motion against him for constructive contempt of court. The trial judge found Mr. Calahan in constructive contempt of court and fined him $250.00.

LAW AND DISCUSSION

Mr. Calahan contends on appeal that the trial court erred in holding him in constructive contempt of court. We agree.
La.Code Civ.P. art. 221 provides:
A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.
Contempts of court are of two kinds, direct and constructive.
Direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record. La.Code Civ.P. art. 222. Constructive contempt of court is any contempt other than a direct one. La.Code Civ.P. art. 224. Clearly, in the present case there was no direct contempt involved.
A person may not be adjudged guilty of a contempt of court except for expressly defined misconduct. La.Code Civ.P. art. 227; Albritton v. Fidelity National Bank Trust, 619 So.2d 1170 (La.App. 1st Cir.1993). Thus, any acts of Mr. 14Calahan must fall within those acts constituting constructive contempt of court as set forth in La.Code Civ.P. art. 224.
Among the acts enumerated in La.Code Civ.P. art. 224 constituting constructive contempt of court is “[a]ny ... act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt.” La.Code Civ.P. art. 224(10). Absent a finding that Mr. Calahan intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, the court is without power to punish for constructive contempt of court. Albritton, supra. Randy argues that Mr. Calahan’s behavior constituted constructive contempt of court pursuant to La.Code Civ.P. art. 224(10), quoted above.
The general rules of contempt proceedings established by our jurisprudence are as follows: First, the object and purpose of a contempt proceeding is to vindicate the authority and dignity of the court. It is not *533 designed for the benefit of the litigants, even though infliction of punishment for contempt may inure to the benefit of the mover in the contempt rule. Lambert v. Adams, 347 So.2d 883 (La.App. 3d Cir.1977). Furthermore, unless a litigant willfully disobeys a direct order of the court issued prior to the contempt rule, he should not be held in contempt, even if the litigant’s acts tend to frustrate the opposing litigant. Id. Finally, proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope. Id.
The trial court is vested with broad discretion in the conduct of proceedings before it. Albritton, supra. Also, we are aware of the need to preserve the integrity and dignity of the judicial system and respect for its authority as ^recognized by the learned trial court. However, applying the above rules to the facts presented in this case, we are unable to conclude that Mr. Calahan’s actions in advising Rhonda that she was not under compulsion to attend the hearing as a witness and that she should talk to an attorney, amounts to an intentional obstruction or interference with the administration of justice, or disrespect for the court or its authority. This is especially true in light of the fact that the trial court could have issued an instanter subpoena and failed to do so. Moreover, because Rhonda’s interests were at stake in that she faced the danger of being cast in judgment for the debt Randy owed to Mr. Laeombe, we are unable to conclude that Mr. Calahan willfully or intentionally obstructed the administration of justice by disobeying a court order. Prior to the contempt rule, there was no direct order by the trial judge directing Mr. Calahan to refrain from contact with Rhonda or directing Rhonda to testify at the Laeombe v. Theriot hearing; thus, counsel’s advising Rhonda of the lack of a subpoena did not impair the dignity of the court and, therefore, the authority of the court did not need to be vindicated.
While it is true that Mr. Calahan’s acts may have frustrated and hindered Randy, nevertheless, his acts did not impair the dignity of the court. Counsel for Randy should have obtained an instanter subpoena directing Rhonda to appear as a witness. If Mr. Calahan had then performed the acts which he performed at the hearing, a contempt proceeding would have been appropriate. The power to render a judicial order is not equivalent to an order and the mere existence of the power may not serve as a basis to cite a person for contempt. Sherwood v. Sherwood, 441 So.2d 1315 (La.App.2d Cir.1983). Since counsel for Randy failed to obtain an instanter subpoena and because there was no direct order for which Mr. Calahan could have been held in contempt, the finding of contempt is fatally defective.
| sAccordingly, for the foregoing reasons, the judgment of the trial court finding Mr. P. Charles Calahan in constructive contempt of court and fining him $250.00, is reversed. Costs of this appeal are assessed against defendants-appellees, Randy Theriot, d/b/a Randy Theriot Construction.
REVERSED.