| {WRIT GRANTED AND MADE PEREMPTORY: The Relator was convicted of constructive contempt of court, a violation of La.Code Civ.P. art. 224, for failure to pay monthly child support and additional sums of money as ordered by the trial court in an April 11, 1995 consent judgment. The Relator’s conviction for constructive contempt of court cannot be upheld because the trial judge erroneously excluded relevant evidence concerning a defense by the Relator, and the trial judge further erred by not addressing the Relator’s claim that the 1995 consent judgment was based upon an invalid conviction for contempt of court.
The 1995 consent judgment was based upon contempt proceedings which arose from civil litigation but was a criminal proceeding since the Relator was found guilty of contempt and sentenced to jail. Thus the trial court must honor basic constitutional rights guaranteed criminal defendants. Because the consent judgment was in fact the sentence of the trial court arising from a conviction of contempt of court, the Relator was not prohibited from seeking post-conviction relief by any provisions of the Code of Civil Procedure or the Civil Code. La.Code Crim.P. art. 930.8 is not limited to felony convictions, and it grants the Relator three years to seek post-conviction relief from an allegedly invalid conviction. We find the trial court erred when it refused to review the validity of the 1995 consent judgment, and this matter must be remanded for another hearing to determine if Relator’s constitutional challenges have merit. See State v. Broussard, 490 So.2d 273 (La.1986); State v. St. Pierre, 515 So.2d 769 (La.1987); and State v. Scott, 508 So.2d 101 (LaApp. 2 Cir.1987), affirmed in part, reversed in part, 519 So.2d 104 (La.1988).
Furthermore, a defendant in a criminal case is constitutionally guaranteed the right to present a defense. State v. Clark, 95-1046 (La.App. 3 Cir. 3/6/96), 670 So.2d 624. An accused has the right to present all evidence in his defense as long as it is relevant, admissible and not cumulative. State v. Carter, 570 So.2d 234 (La.App. 5 Cir.1990). The trial court erred when it refused to permit the Relator from presenting evidence in support of his claim that his payment of $22,516.56 to his ex-wife in 1993 was in satisfaction of his monthly child support obligations until the year 1998.
Finally, when the trial judge found the Relator guilty of contempt of court he failed to render an order reciting the facts constituting the contempt as mandated by La.Code Civ.P. art. 225(B), Sears, Roebuck & Co. v. Britton, 539 So.2d 962 (La.App. 2 Cir.1989) and Brown v. Brown, 493 So.2d 671 (La.App. 2 Cir.1986). If after the new hearing, the Relator is again found guilty, the trial judge must comply with Article 225(B).
Accordingly, it is ordered that Relator’s conviction and sentence for contempt of court be reversed and vacated, and this matter be remanded to the trial court for further proceedings consistent herewith.