I,WILLIAMS, Judge.
This is an appeal from an interlocutory judgment ordering defendant, Caskets Direct, Inc., to immediately comply with a subpoena duces tecum and to produce requested documentation at the office of the Louisiana State Board of Embalmers and Funeral Directors. For the following reasons, we exercise our supervisory jurisdiction to vacate the trial court’s order.
FACTS AND PROCEDURAL HISTORY
In June 1997, the Louisiana State Board of Embalmers and Funeral Directors filed a pleading entitled “PETITION FOR RELIEF/MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS” in the First Judicial District Court, Parish of Caddo. Made defendant was Caskets Direct, Inc., alleged to be a Louisiana corporation doing business in Caddo Parish. The Board, as the licensing and regulatory Board authorized to administer and enforce the provisions of Chapter 10 of Title 37 concerning embalming and funeral directing, stated in its petition that it had received complaints concerning the sale of funeral merchandise by Caskets Direct, and that the Board had checked its records and verified that Caskets Direct did not hold a funeral establishment license issued by the Board. The Board then stated:
Caskets Direct, Inc. was subsequently charged on or about April 14,1997, to have “... allegedly violated the provisions of La. R.S. 37:848A and/or C and possibly La. R.S. 37:861 in that it appears that they are offering services and/or merchandise that must be performed and/or provided by an individual/establishment that is certified and registered with this Board to conduct the business of funeral directing at need and/or pre-need while they are, in fact, not licensed under the provisions of La. R.S. 37:831 et seq.
The Board asserted that by subpoena served on its registered agent for service of process, Caskets Direct was ordered to appear before the Board to answer the alleged charges at a hearing scheduled for May 20, 1997, and also was served with a subpoena duces tecum ordering production of “any and all records |2which you have reflecting the sale of caskets or other funeral merchandise including but not limited to the sales receipts; sales invoices; sales ledgers; monthly tax reports.” According to the Board, Caskets Direct failed to appear at the time scheduled for the hearing and failed to produce the requested documentation.
Subsequent to the scheduled hearing, the Board allegedly issued a cease and desist *945 order to Caskets Direct concerning the sale and/or distribution of caskets to the general public until obtaining the necessary licenses. However, this alleged action is not a part of the record herein and is not before us.
Finally, the Board alleged that upon information and belief Caskets Direct continued the operation of its business and continued to engage in the sale of caskets and/or other funeral merchandise to the general public. The Board concluded its petition by moving for an order compelling Caskets Direct to produce the documentation sought under the previously served subpoena duces tecum, and requested sanctions in the form of legal fees and costs incurred in filing the request to compel production of documents.
Attached to the Board’s petition was a copy of a subpoena duces tecum signed by the secretary of the Board on April 14, 1997, commanding the alleged agent for service of process of Caskets Direct to hand over certain records to an investigator for the Board. The Board’s petition was verified by the secretary of the Board.
In response to the Board’s petition, the trial court ordered Caskets Direct to show cause on July 21, 1997 why the request to compel production of documents, together with the request for attorney’s fees and sanctions, should not be granted. In response, Caskets Direct filed a “MEMORANDUM BRIEF” in which it l3contended in essence that the Federal Trade Commission had rules and regulations effectively preempting the powers of the Board in this regulatory area.
After a hearing in which argument only was heard and no evidence was introduced, the trial court issued a written ruling. The court noted that before it was a motion seeking an order compelling Caskets Direct to produce the documents requested in the Board’s subpoena duces tecum. After noting the pertinent statutory provisions and prohibitions concerning “funeral directing” and “funeral merchandise,” the court concluded Caskets Direct was engaged in the business of selling caskets or funeral merchandise, and thus was engaged in the business of “funeral directing” as contemplated by La. R.S. 37:831, et seq. The court then noted the prohibition against engaging in the business of funeral directing or embalming without a license, and observed that the Board was alleging that Caskets Direct was conducting business in violation of state law because it did not have a funeral establishment license and was engaged in the business of funeral directing. The court also observed that the Board had the power to enforce the provisions of La. R.S. 37:831 et seq., including the power to issue subpoenas. Thus, the court concluded that the Board’s subpoena duces tecum to Caskets Direct was valid, and ordered Caskets Direct to comply with the subpoena. The trial court then granted the Board’s motion to compel the production of documents. After a judgment was signed on September 15, 1997, ordering Caskets Direct to immediately comply with the subpoena duces tecum, Caskets Direct filed the instant appeal.
On December 22, 1997, this court ordered Caskets Direct to show cause why this appeal should not be dismissed as having been taken from a nonappealable interlocutory judgment on a motion to compel production of documents. We observed that while an interlocutory judgment which may cause |4irreparable injury can be appealed under the provisions of La. C.C.P. art. 2083(A), there was no suggestion of irreparable injury in this case. After receiving responses to this order, we issued a second order on January 29, 1998, in which we declined to dismiss the appeal at that time, but expressed concerns about the appeal which we directed the parties to brief.
We noted that unlike a typical interlocutory judgment on a discovery issue, the judgment in this case granted the only relief sought. . Furthermore, we raised the possibility of the judgment being one contemplated by the provisions of La. R.S. 49:956(5) stating that in adjudication proceedings an agency has the power to sign and issue subpoenas requiring production of documentary evidence, and that when a person refuses to produce such documentary evidence the agency may apply to the judge of the district court for the district in which the person so summoned “resides or is found” for an attachment against him as for a contempt.
*946 In contrast, we observed that the provisions of La. R.S. 49:962 require agencies to provide by rule for the filing and prompt disposition of petitions for declaratory orders and rulings as to the applicability of any statutory provision or any rule or order of the agency, and that such declaratory orders and rulings are said to have the same status as agency decisions or orders in adjudicated cases. Judicial review of adjudications, as well as judicial review of the'validity or applicability of rules is to take place in the district court of the parish in which the agency is located. La. R.S. 49:963 and 964.
By contrasting the statutory venue for an attachment as for a contempt with the statutory venue for judicial review of agency decisions, we indicated our concerns about the kinds of judicial determinations that properly could be made in this case by the First Judicial District, and we ordered the parties to brief the [ gproper legal characterization to be given to the proceedings in the district court, as well as the issues properly presented and actions properly available to that court.
In response to this second order, Caskets Direct simply stated that the Board saw fit not to proceed under the provisions in Title 49, but chose to file suit in the venue of Caskets Direct in the First Judicial District Court. After suit was filed and heard by the First Judicial District Court, the proper court for appeal was the Second Circuit Court of Appeal. Similarly, the Board answered our rule by stating that the action was filed before the First Judicial District Court against Caskets Direct, a Louisiana corporation with its domicile in Caddo Parish. As such, the Board alleged that venue was proper before the First Judicial District Court. As venue was proper there, the proper court for appeal would be the Second Circuit.
DISCUSSION
The similar responses to our second order do not address the issue presented by our order. The question is not whether a judgment rendered by the First Judicial District Court should come to the Second Circuit Court of Appeal; obviously, it should. The question, as stated in our order, concerns the proper legal characterization to be given to the proceedings in the First Judicial District Court, including the issues properly presented and actions properly available there.
A motion to compel discovery is a procedural device authorized by Article 1469 of the Code of Civil Procedure. However, such a motion is made within the context of a legal action and is not a “free-floating,” independent action in its own right.-. Thus, such a motion only would be proper vis-a-vis the administrative proceedings in this case if authorized under the pertinent provisions of Titles 37 and 49. Furthermore, even if authorized, a judgment on such a motion is leinterloeutory in nature because it does not decide any aspect of the merits of the case. Rather, it is designed to obtain, information leading to relevant evidence that may be used as proof in an adjudication on the merits. As such, the judgment would not be appealable in the absence of irreparable injury, and, as we noted in our initial order, no irreparable injury appears to be present in this case.
Although interlocutory judgments that cause no irreparable injury are not immediately appealable,- we occasionally have exercised our supervisory powers to reach such issues in pending appeals when the interests of justice and judicial efficiency favor such review. See North Central Utilities, Inc. v. East Columbia Water District, 516 So.2d 1268 (La.App. 2nd Cir.1987). For the reasons expressed below, we choose to exercise our supervisory powers to vacate the trial court’s interlocutory judgment in this case.
We begin by observing that under the provisions of La. R.S. 37:840, the Louisiana State Board of Embalmers and Funeral Directors is given all powers necessary for administering and enforcing the provisions of Chapter 10 of Title 37 concerning embalming and funeral directing. These powers include holding such hearings and making such investigations as may be necessary.
Moreover, under the provisions of La. R.S. 37:847, the Board or a committee of the Board may take testimony concerning matters under its jurisdiction, may issue subpoe- *947 ñas to enforce the attendance of witnesses, and may administer oaths to witnesses. The Board may hold an informal meeting to ascertain the facts of an alleged violation of any provision; the Board may appoint one or more of its members to investigate an alleged violation and report findings to the Board; and the Board may compel the appearance of parties or witnesses to the alleged violation. If a formal hearing is called, parties to the alleged violation and complaint shall be present either voluntarily or by subpoena, and a proper Liega! record of the hearing is required in a manner legally accepted in judicial proceedings. After hearing and reviewing the evidence, the Board then must render a decision and issue its decision and orders to all parties.
Finally, the provisions of La. R.S. 37:849 give the Board the power to bring legal proceedings seeking to have a court enjoin a person or establishment violating the provisions of Chapter 10 from practicing the science of embalming or conducting the business of funeral directing or operating a funeral establishment until compliance is had with the requirements of Chapter 10.
There is no question in the instant case that the board was proceeding under- the above discussed provisions to investigate complaints filed with it concerning Caskets Direct. The subpoena duces tecum was issued by the Board and served by an investigator of the Board in order to gather information in that investigation. When no response was obtained from Caskets Direct to the subpoena duces tecum, the Board filed its pleading in the First Judicial District Court.
Although the provisions of Chapter 10 of Title 37 give the Board the power to issue a subpoena, those provisions do not state what recourse the Board has when the subpoena goes unanswered. Instead, the provisions governing such recourse are found in the provisions of Chapter 13 of Title 49, referred to as the Administrative Procedure Act (“APA”). The provisions of the APA were not intended to supercede specific provisions of other administrative acts, or to1 supercede the rights and remedies created under those acts, but were designed to create procedures in those instances where none existed. Corbello v. Sutton, 446 So.2d 301 (La.1984). Where agency laws are silent, it is the function of the APA to fill in gaps and to provide rules for procedure. See Liberty Mutual Insurance Company v. Louisiana Insurance Rating Commission, 96-0793 (La. App. 1st Cir. 2/14/97), 696 So.2d 1021.
IgThe provisions of La. R.S. 49:956(5) give any agency or its subordinate presiding officer the power to sign and issue subpoenas in the name of the agency requiring attendance and giving of testimony by witnesses and the production of books, papers, and other documentary evidence. Those provisions also state in pertinent part:
Whenever any person summoned under this Section neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the agency may apply to the judge of the district court for the district within which the person so summoned resides or is found, for an attachment against him as for a contempt. It shall be the duty of the judge to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him, to proceed to a hearing of the case; and upon such hearing, the judge shall have the power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.
- These provisions govern when an agency subpoena goes unanswered, and the Board in this case should have utilized these procedures, rather than filing its “free-floating” motion to compel the production of documents in the First Judicial District Court. One might argue that despite the title placed upon its pleading by the Board, the proceedings in this case should be viewed as essentially following the provisions of R.S. 49:956(5). However, we cannot subscribe to such a view.
*948 The remedy the law gives the Board is to seek an attachment as for a contempt; contempt proceedings must be strictly construed, and the policy of our law does not favor extending their scope. Lacombe v. Randy Theriot Construction, 94-822 (La.App. 3d Cir.12/7/94), 647 So.2d 531. The legal procedure described in R.S. 49:956 has two stages. In the first stage, the agency applies for an attachment and the judge who hears the application only issues the attachment “if satisfactory proof is made.” In the instant case, the verified petition 1 allied by the Board cannot substitute for a hearing requiring satisfactory proof for an attachment. Nor can the hearing that was conducted substitute in this respect. As previously noted, no proof of any kind was offered at that hearing.
Furthermore, as a result of the hearing the judge issued a judgment ordering compliance with the subpoena; the judge did not issue an attachment for the arrest 'of any person to be brought before the judge for a hearing in the nature of a contempt proceeding; and Caskets Direct was not found in contempt. Plainly, the judge did not view the proceedings as contempt proceedings, but as discovery proceedings. Because the Board did not follow the procedural avenue prescribed by law, and because the path actually taken cannot be considered the essential procedural equivalent, we hereby vacate the trial court’s interlocutory judgment granting the Board’s motion to compel production of documents.
In addition to vacating the proeedurally unauthorized interlocutory judgment, we anticipate the probability of further proceedings for an attachment as for a contempt, and we make the following procedural observations. If an application were made to the First Judicial District Court for an attachment against Caskets Direct as for a contempt for failure to respond to the Board’s subpoena duces tecum, then Caskets Direct might attempt to defend such an action by making the same federal preemption defense raised herein. However, because of the pertinent provisions of La. R.S. 49:962 and 49:964(A), it is very questionable whether or not such a defense could be raised in a contempt proceeding. The former provision states that each agency shall provide by rule for the filing and prompt disposition of petitions for'declaratory orders and rulings as to the applicability of any statutory provision or of any rule or order of the agency, and that such declaratory orders and rulings have the same status as agency decisions or orders in adjudicated cases. In turn, the latter provision states that a preliminary, Loprocedural, or intermediate agency action -or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
These provisions give a procedural remedy for challenging the applicability of the statutory provisions. If an agency rejected such a challenge, then the agency’s ruling might be immediately reviewable in the district court of the parish in which the agency is located, if review of a final agency decision would not provide an adequate remedy and would inflict irreparable injury. That condition of review would be subject to the discretion of the district court upon the showing made. If the district court concluded no immediate review was necessary, the challenger still would have the right to seek timely judicial review of the final decision of the agency, including questions concerning the applicability of the law. The 30-day time limit for filing a petition for review, found in the provisions of La. R.S. 49:964(B), does not begin to run until the mailing of notice of a final decision by the agency or, if a rehearing is requested, within 30 days after the decision on the rehearing.
We cannot be sure upon this record what avenues of relief and review may be available to Caskets Direct at this time. However, allowing the First Judicial District Court, to render decisions on the applicability of statutes pursuant to a contempt proceeding is questionable not only because it is not the procedure authorized by statute, but also because allowing an alternative to the statutory procedure could set the stage for conflicts between the views of a district court of the parish where the person resides (the court handling contempt matters) and the district court of the parish in which the agen *949 cy is located (the court reviewing agency rulings and final adjudications). The intent of the law may be for all questions concerning the applicability of statutory provisions to be resolved by seeking declaratory rulings from the agency, followed by judicial review of such | norders in the district court of the parish in which the agency is located. Thus, the district court in a contempt proceeding may be limited to adjudicating such issues as whether a subpoena was issued under the authority granted by statute, whether the subpoena was properly served, and whether a party intentionally violated the subpoena.
CONCLUSION
For the reasons set forth above, we hereby vacate the trial court’s procedurally unauthorized interlocutory judgment granting the Board’s motion to compel production of documents. To the extent allowable by law, costs here and below are assessed to the Louisiana State Board of Embalmers and Funeral Directors.
JUDGMENT VACATED.
APPLICATION FOR REHEARING
Before HIGHTOWER, WILLIAMS, STEWART, CARAWAY and PEATROSS, JJ.
Rehearing denied.