hLANDRIEU, Judge.
Gary J. Hardy appeals the trial court’s dismissal of his rule for contempt against his former wife, Lori A. Hardy. The rule for contempt was based upon allegations that Ms. Hardy had violated the parties’ custody judgment regarding their son, Kerry. Ms. Hardy argued that no enforceable consent judgment existed, and therefore she could not be held in contempt. The trial judge agreed.
On appeal, Mr. Hardy contends that the trial court erred in finding that the consent agreement read in open court did not constitute an enforceable transaction or compromise under Louisiana Civil Code article 3071. We find no merit in this argument.
When the parties were divorced in 1992, Ms. Hardy was awarded sole custody of their then four-year-old son, Kerry. In March of 1997, Mr. Hardy filed a rule for change of custody, seeking joint custody and to have himself designated as the domiciliary parent. A custody evaluation was conducted by the Department of Family Service, which issued a report September 19,1997.
On November 7, 1997, counsel for both parties appeared in court. Mr. Hardy’s attorney stated, “This is a stipulation for a consent judgment between counsel.” Ms. Hardy’s attorney then said: ‘We have a consent judgment. | ^Basically, what we’re going to do is follow the recommendation of the family counsel Family Service [sic] custody evaluation report, which is as follows.” Counsel for Ms. Hardy then read the specific terms of the agreement into the record of the court, concluding with:
As far as the other holidays are concerned, she shall share the birthday. He gets Father’s Day, and she gets Mother’s Day. Because my client is getting the boy for the Christmas holiday, her client is going to have Thanksgiving Day. If there is going to be any deviation to this consent judgment, it has to be done in writing forty-eight hours, [sic]
Mrs. Breithoff [counsel for Mr. Hardy] will draw up the consent judgment, and forward it to me for my approval. The attorneys and the parties are to sign the consent judgment before it’s actually file [sic] in the Court.
The trial judge dismissed the rule for contempt, reasoning:
The terms, as read into the record, required both parties to agree on a version of the stipulations, sign off on it and submit it to the Court for its signature. A compromise is only valid when there is a meeting of the minds between the parties. The parties have to exactly know what they intended when the compromise was reached. [Citations omitted]. The Court finds that at the time the stipulations were read on the record there was no meeting of the minds between the parties. This is supported by the fact that the judgment was to be approved and signed by both parties before it was submitted to the Court. This never happened.
After reviewing the record, we conclude that the trial judge correctly applied the law in this case. A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. Grace v. Zapata Off-Shore Co., 95-0112 at p. 3 (La.App. 4 Cir. 3/29/95), 653 So.2d 704 at 706. Therefore, proof that such a meeting of the minds has | .¡occurred is a prerequisite to the application of La. Civ.Code art. 3071 referring to a transaction or compromise.
In the instant case, we agree with the trial judge that the concluding language of the agreement indicates the parties had not come to a final meeting of the minds, but rather contemplated that changes could be made, which each party would have to approve before presenting the compromise to the judge for his signature.
*812 Moreover, we believe it would be improper to base a contempt citation on the violation of this particular agreement without any affirmative evidence of the judge’s participation in or approval of the process. Although the transcript reflects that the agreement was read in open court before Judge Medley, the judge made no comments on the record. Indeed, counsel for appellee, Ms. Hardy, asserts in his brief that Judge Medley was not actually present.
Appellant nevertheless argues that a contempt citation would be proper under La. Civ.Code art. 3071, which reads, in pertinent part:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on.... This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
In support of this argument, appellant relies on Alagdon v. Guertin, 97-0235 (La.App. 4 Cir. 10/1/97), 701 So.2d 480, writ denied, 97-2400 (La.2/12/97), 704 So.2d 1201, in which this court held that under article 3071, compromise agreements entered into between parties to a controversy and recited in open court Rare valid, and the parties have the right to judicially enforce them. The Alagdon court specifically held that such an agreement could not be considered invalid solely because it had not been reduced to writing. 701 So.2d at 482.
However, we find that the absence of any evidence of the judge’s involvement in the instant case distinguishes it from Alagdon v. Guertin, in which the court recited the facts as follows:
The Alagdons orally agreed to all the stipulations in the agreement and stated that they knew the agreement was a judgment. At the end of the hearing, the trial judge said that if a judgment was prepared, he would “sign same.”
701 So.2d at 481.
Constructive contempt of court is defined as “willful disobedience of any lawful judgment, order, mandate, writ or process of the court.” La.Code Civ. Pro. art. 224(2) (emphasis added). A compromise read in open court with no evidence of the judge’s acceptance, approval, participation, or even hearing should not be the basis of a contempt citation, particularly in child custody matters, despite the language of article 3071 giving each party to such a compromise “the right of judicially enforcing its performance.” The object and purpose of a contempt proceeding is to vindicate the authority and dignity of the court; it is not designed for the benefit of litigants. Lambert v. Adams, 347 So.2d 883, 884 (La.App. 3rd Cir.1977). Accordingly, proceedings for contempt must be strictly construed, and should not be resorted to where other remedies are provided by law. Id. at 885 (citations omitted).
In view of these principles, we do not believe contempt is an appropriate remedy in the instant case; although, if a valid compromise had been confected, each party would presumably have had the right to seek an order of the court | ^compelling the other party’s performance. We therefore find no error in the judgment of the trial court.
Accordingly, for the reasons, given, we affirm that judgment.
AFFIRMED.
KIRBY, J., DISSENTS WITH REASONS.